*974 OPINION OF THE COURT
Benjamin F. Nolan, J.
Plaintiff, Chase Manhattan Bank, brought this action against defendant, Calvin Wolfman, to recover $3,108.24, constituting the balance due on a cash reserve checking agreement plus attorney fees. The defendant answered, and the case was scheduled for a compulsory arbitration hearing on July 27, 1978. Defendant appeared on that date but no one appeared for plaintiff, whereupon the three arbitrators made an award dismissing the complaint pursuant to 22 NYCRR 28.11 of the rules of compulsory arbitration. That award was formally filed by the commissioner of arbitration and notice thereof served upon the parties on August 1, 1978. Now, some 18 months later, plaintiff moves to vacate its default and have the action restored to the calendar.
After the default, plaintiff did not move to vacate the default but instead commenced suit on the same cause of action in Rockland County. However, in the new suit, he joined defendant’s wife as a party defendant. (Chase Manhattan Bank v Wolfman, County Ct, Rockland County, Index No. 7027/78.) Both defendant and his wife reside in Rockland County. As time went on, plaintiff did nothing about the default award entered earlier in Bronx County. Eventually, the Rockland County Court called upon counsel for plaintiff to submit legal arguments to support its claim that it had a right to maintain the action in Rockland County in the face of its default in the Bronx County action. Apparently, plaintiff’s response was not sufficient, because by order of December 6, 1979, the Rockland County Court dismissed the action, saying: "Plaintiff has offered no reason for its failure to follow the court’s direction. Additionally, plaintiff has offered no support for its collateral attack in this court on an outstanding judgment in Bronx County.” Thereafter, plaintiff brought this motion to vacate its 18-month default here in Bronx County Civil Court.
Now, on this motion, plaintiff’s counsel makes the argument which it appears he should have made in Rockland County, contending that it was his understanding from 30 years practice of law that the dismissal for nonappearance at the arbitration hearing in Bronx County should not have precluded his institution of another action on the same cause in Rock-land County. It appears clear that the Rockland County Court believed that the Bronx arbitration award was or had become *975 a judgment. Yet, the procedure by which a judgment is entered in compulsory arbitration is set forth in the Rules of the Chief Judge (22 NYCRR 28.7, 28.11 [b]), and CPLR 3215 as made applicable to the New York City Civil Court by section 1402 of the New York City Civil Court Act. The record in this action reflects that no judgment was ever entered in this action based upon the compulsory arbitration award. Where, as herein, an award has been entered dismissing the complaint upon the failure of the plaintiff to appear before the panel of arbitrators for the duly scheduled hearing, "the action may be restored to the arbitration calendar only upon order of the court * * * upon good cause shown. Such order of restoration shall [provide] that the moving party [reimburse] the court” clerk for the fees paid the arbitrators. (22 NYCRR 28.7 [a].)
Whether or not the default herein ever ripened into a judgment may make little difference under the peculiar circumstances of this case in measuring whether good cause for restoration is shown, but, it is material on the issue whether plaintiff should have further pursued the Rockland County action by providing that court with the legal arguments it requested to support plaintiff’s contention that its action in Rockland County did not constitute a collateral attack upon a judgment in Bronx County.
To establish good cause sufficient to justify vacatur of its default, plaintiff must show excusable default and a meritorious cause of action. (Wall v Bennett, 33 AD2d 827; Hurley v Reoux, 29 AD2d 789.) The moving affirmation of counsel for plaintiff averred that his associate was unable to attend the arbitration hearing on July 27, 1978, because he had been hospitalized nine days earlier, as attested to by an attached medical certificate; and further, that his associate eventually resumed work, but he did not say when, nor was any affirmation submitted by his associate. He admitted that the date of the arbitration hearing was entered in his office diary and on his office calendar, but he did not explain why he did not take some action to prevent a default during the nine days between the time that his associate became ill and the case was scheduled for hearing in compulsory arbitration. Yet, it is clear that the failure to move sooner to vacate the default is the result of plaintiff’s decision to bring a new action in Rockland County instead of moving promptly to vacate its default in Bronx County. While this turned out to be a *976 calamitous procedural experience, it does not reflect a willful intent to unreasonably perpetuate a default in Bronx County to the detriment of an adversary. Plaintiff was content to forego its right to further litigate the issues in Bronx County only because it believed that the issues could be litigated more efficiently in Rockland County Court which had jurisdiction over both the defendant and his wife. Plaintiff has at all times industriously pursued its right to relief, whether in Bronx County or in Rockland County, and has thus rebutted any presumption that because of the lapse of 18 months it intended to abandon its claim (see Williams v Giattini, 49 AD2d 337). Besides, defendant has not shown that plaintiff’s long delay in moving to vacate its default has prejudiced his ability to defend this action (see Levine v Berlin, 46 AD2d 902; City of Utica v Gold Medal Packing Corp., 55 Misc 2d 182).
Plaintiff has also established a meritorious cause of action. In his answer, defendant did not contest plaintiff’s right to recover the balance due on the cash reserve checking agreement, but merely contended that the amount claimed was in error. He thus admits that the claim has substantial validity.
It would further appear that some of the blame for the procedural confusion which has attended plaintiff’s efforts to litigate the same issues in two different counties must be attributed to unfamiliarity with the rules of compulsory arbitration (22 NYCRR Part 28). Until recently, compulsory arbitration has been an experimental program functioning in selected counties throughout the State of New York, and only in Bronx County in down-State New York. It had never functioned in Rockland County.
 Be that as it may, however, defendant through no fault of his own has had to oppose plaintiff pro se in both of the actions brought in the separate counties, and on this motion. Yet, it is the plaintiff, represented by counsel all the way, which now finds itself in a bind because of its own procedural adventurism. Should this court, in the exercise of its discretion, deny plaintiff relief by leaving it in the bind into which it has led itself, plaintiff would have only itself to blame. But, under the special circumstances herein, it appears to be the better exercise of discretion to grant plaintiff the kind of relief which would ensure a determination of the issues on the merits but would also provide defendant with some compensation for what this unduly prolonged litigation has cost him in time, expense and aggravation. Such a disposi *977 tian on the merits is favored, particularly since it appears to be in the best interest of justice (Matter of Mento, 33 AD2d 650).
Accordingly, this court grants plaintiffs motion on condition that plaintiffs counsel pays defendant the sum of $150 (see Schickler v Seifert, 45 AD2d 816; Barrada v Target Constr. Corp., 31 AD2d 810; Parkchester Mgt. Corp. v Wehringer, NYLJ, Jan. 23, 1980, p 10, col 7; Siegel, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, 1964-1979 supplement, CPLR 3404, pp 35-36), and on the further condition that plaintiff reimburse the court clerk for the fees of the arbitrators (22 NYCRR 28.7 [a]). Plaintiffs motion to add defendant’s wife, Janice Wolfman, as a co-defendant herein is granted subject to this court’s acquisition of in personam jurisdiction over her and on condition that the complaint served upon her be identical to that initially served upon her husband when this action was commenced. Counsel for plaintiff shall submit an order consistent herewith on notice to the pro se defendant.