OPINION OF THE COURT

Per Curiam.

The order dated on October 10, 1979 (Raucher, J.) is affirmed, without costs.
The Rules Governing Compulsory Arbitration are contained in 22 NYCRR Part 28; they were originally instituted in 1979. They provide that all actions in The Bronx (§ 28.15) for a sum of money only, where recovery of less *443 than $6,000 is sought, “shall be heard and decided by a panel of arbitrators” (§28.2 [b]). The chairman of the panel fixes the date and time for a hearing and is required to give written notice thereof to “the parties or their counsel at least 10 days before the date set” (§28.6 [b]). The appellant stresses that it received no such notice. While not specifically stated in the rules, it should be clear that a party in default is entitled to no such notice. The panel, in essence, replaces the Judge in appropriate cases. The defendant can have no greater rights vis-a-vis the panel than it would have in the absence of the panel, i.e., were this a matter within the sole province of a Judge.
The summons warns the defendant — “if you fail to make answer, judgment will be taken against you for the sum of $3,450”. The defaulting defendant is subject to the provisions of CPLR 3215, and by section 2102 of the Civil Court Act, that section is equally applicable in the Civil Court.
A defendant who fails to appear may have judgment entered against him by the clerk of the court when the claim is for a sum certain. However, when the claim is not for a sum certain and the clerk cannot enter judgment (as here), the plaintiff must apply to the court for judgment (CPLR 3215, subd [a]). When the court is required to enter judgment, “any defendant who has appeared is entitled to at least five days notice of the time and place of the motion” (CPLR 3215, subd [f], par 1; emphasis added). A defendant who has failed to appear may nevertheless defend on the issue of damages. By his failure to appear, he has admitted liability, but may still contest damages (McClelland v Climax Hosiery Mills, 252 NY 347, 451). The statute provides the vehicle for attendance at the assessment. CPLR 3215 (subd [f], par 2) provides: “Where an application for judgment must be made to the court, the defendant who has failed to appear may serve on the plaintiff at any time before the motion for judgment is heard a written demand for notice of any reference or assessment by a jury which may be granted on the motion.”
Professor Siegel (Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, C3215:6) notes: “Such activity by the defendant entitles him to notice of the assess *444 ment.” The defendant served no such demand, it was entitled to no notice of the assessment (United Ind. Corp. v Shreiber, 51 AD2d 688, 689). Professor Siegel further notes (C3215:19) that the demand procedure only applies when the assessment is to be made by a referee or a jury, and not when the court itself conducts the assessment. It is not altogether clear whether the arbitrators who, in essence, made an assessment are acting in the capacity of the court itself or a referee (see § 28.7 [a]). The point is academic since the appellant, in any event, had made no such demand.
22 NYCRR 28.12 provides for a demand for a trial de nova by any party, with or without a jury. The demand is required to be made within 30 days after the award is filed with the appropriate court clerk. (It was 20 days when this case arose; the 30-day revision is dated Nov. 7, 1979, eff Jan. 1, 1980.) The trial de nova application is not addressed to the discretion of the court; it is a procedural mechanism only, the equivalent of a note of issue, a means of assuring the constitutionally guaranteed right to a trial by jury (or Judge) (Bayer v Ras, 71 Misc 2d 464). As noted in Bayer v Ras (p 466): “One reason the program has worked so well is that both litigants and lawyers are assured of a trial de nova, with or without a jury, if they are unhappy with the arbitration results.” However, no such automatic election vests in a defaulting party. The defaulting defendant is not entitled to two bites of the apple just because the arbitration procedure is in effect. If he has not appeared in the action, or, if he has appeared in the action but failed to appear at the arbitration hearing, the panel nevertheless proceeds with the hearing. “ [0]nly upon order of the court * * * upon good cause shown” may he then be restored to the arbitration calendar (§ 28.7).
The defendant has pointed out that he sought a trial de nova within 20 days of service of the panel’s award on him, and his application was rejected. The interpretation given to section 28.12 (a) is that the 20- (now 30-) day period runs from the time the award is filed with the court clerk, and that no notice as to that filing is required (Cerame v Genesee Monroe Racing Assn., 72 Misc 2d 567, 568). Here the *445 filing was on May 8 and the application for trial de nova was made on June 15. However, in view of the default of the defendant, it was not entitled to the automatic trial de nova, regardless of timeliness.
The default of the defendant was not due to excusable neglect. It was willful and deliberate, albeit ill-advised. That the defendant believed the complaint to be baseless, that it was reluctant to spend money to hire a lawyer — the motives are understandable but do not excuse a failure to answer.
Nor has the defendant shown that it has a meritorious defense. All that it alleges is that the chain of error began with the defendant dealer who sold plaintiff the car. Even assuming that the dealer was responsible in some way (and the arbitrators found to the contrary), the appellant’s own freedom from negligence is hot established or even asserted.
Concur: Dudley, P. J., Riccobono and Asch, JJ.