OPINION OF THE COURT
Anthony R. Corso, J.
Both of these cases involve applications to vacate arbitrar tian awards issued on the defendants’ failure to appear at the arbitration proceedings. Since each case involves similar facts and the same provisions of the arbitration rules, they will be considered together.
The facts in each case are as follows:
Duro-Test v Trend Enterprises
This action was commenced to recover $450.04 as the balance allegedly due from defendant for merchandise sold and on an account stated. After issue was joined, the matter was noticed for trial, and pursuant to the rules established *904 by the Chief Administrative Judge (22 NYCRR Part 28) the case was placed on the arbitration calendar and a hearing date of July 23, 1980 was set.
On July 9, 1980, after having received notice of the hearing, defendant’s attorney submitted to the panel an affidavit requesting an adjournment of the hearing. The affidavit indicated that the defendant’s president would be unavailable on July 23 due to a prior arbitration commitment, and that he would be out of the country from August 6, 1980 to September 15, 1980. Defendant requested that the arbitration hearing be reset taking into consideration the dates on which the defendant’s witness would be unavailable.
On July 23, 1980 the arbitration panel met and determined to grant an adjournment until August 20,1980. Upon notification of the adjourned date, the defendant’s attorney once again corresponded with the panel and again advised the panel that the defendant’s witness would be unavailable on August 20 and he requested that the hearing be rescheduled for September 20, 1980. This correspondence was not answered. Despite defendant’s affidavits and correspondence the arbitration panel met on August 20 and a default judgment was granted to the plaintiff.
Polygon Co. v Kotten Machine
This action was also commenced to recover the alleged balance due on merchandise sold to defendant and on an account stated. As in the Duro-Test case, after issue was joined and the case noticed for trial, the matter was assigned to an arbitration panel and was scheduled for a hearing on July 23, 1980. On that date a representative of the defendant appeared without counsel. It was the opinion of the panelists that the defendant should be represented by counsel and for that reason the arbitration was adjourned until August 20, 1980. Defendant’s representative was informed that no further adjournment would be considered.
Nevertheless, on August 19, 1980 defendant’s attorney called the chairman of the arbitration panel and requested a one-week adjournment due to the fact that defendant’s witness was in Massachusetts on business. The chairman indicated to counsel that he had no objection to a one-week *905 adjournment, and that counsel should inform the other parties. Defendant’s counsel complied with this request. However, despite the granting of counsel’s request, the panel met on August 20 and a default judgment was granted to the plaintiff.
The court initially notes that had the defaults in these cases been entered in a court of law, then CPLR 5015 and decided cases would have mandated that the defendant establish both an excusable default and a meritorious defense in order to vacate the judgments (Inserra v Porto, 33 AD2d 1092). However, it is apparent that the rules governing arbitration, as promulgated by the Chief Judge, envision that this burden not be imposed. Thus, 22 NYCRR 28.7 (a) specifically provides that “[t]he judgment, if any, the default and the award may be vacated and the action may be restored to the arbitration calendar only upon order of the court where the action was commenced * * * upon good cause shown.” Hence, the burden of establishing a meritorious defense or cause of action has been lifted from the defendant. Only “good cause” need be shown. In this regard the court notes that although the forum in which certain civil matters are heard has been changed, there has presumably been no change in the well-established policy that the law favors resolution of cases on the merits (Bishop v Galasso, 67 AD2d 753). This is particularly appropriate herein since under the arbitration rules a trial de nova is only available to a nondefaulting party (22 NYCRR 28.12).
Based upon the above considerations, this court is of the opinion that both defendants have established good cause for their respective defaults. In Duro-Test v Trend, the defendant’s attorney specifically notified the arbitrators prior to the rescheduling of the hearing of the dates on which his witness could not appear. There is no apparent reason for the arbitrator’s failure to take counsel’s request into consideration. Moreover, 22 NYCRR 28.6 (b) specifically provides that the commissioner of arbitration may, on good cause shown, extend the time within which a hearing shall be commenced. Subdivision (c) provides that if the chairperson of the panel is unable to schedule a hearing within 30 days, then the case should be returned to the commissioner who shall mark it “continued” and replace it *906 on the calendar before another panel. The arbitrators herein did not make use of these alternatives.
In Polygon v Kotten Machine Co., it is clear that the defendant did not appear at the hearing because he was specifically granted a one-week adjournment by the chairman of the panel. In the court’s opinion the defendant was entitled to rely on the chairman’s decision, notwithstanding the prior admonition that no further adjournments would be granted. In no sense can this default be termed intentional or willful. If there was any mistake it was the arbitrator’s and hence any default was excusable. (See Beneficial Fin. Co. of N. Y. v Kramer, 48 AD2d 822.)
Section 28.7 (a) of title 22 of the Official Compilation of Codes, Rules and Regulations of the State of New York provides that while a court may vacate an arbitration award or judgment, such order shall be conditional upon the moving party paying into court an amount equal to the total fees payable by the Office of Court Administration to the panel. Hence, the motions to vacate in both cases are granted upon the condition that both defendants pay into court the required fees.