OPINION OF THE COURT
William H. Bristol, J.
By notice of motion dated September 10,1981, the plaintiff seeks an order striking the defendant’s note of issue, statement of readiness and demand for trial de novo. Additionally, plaintiff seeks an order directing entry of judgment in his favor based on a July 28, 1981 arbitration award. Understandably, defendant opposes this motion.
Essentially plaintiff argues that defendant defaulted in defending the case and therefore is precluded from demanding a trial de novo by virtue of 22 NYCRR 28.12. Section 28.12 of title 22 of the Official Compilation of Codes, Rules and Regulations of the State of New York states that “[djemands may be made by any party not in default for a trial de novo”. Plaintiff asserts that he is now entitled to have judgment entered in his favor since the defendant has not made a timely motion to vacate the arbitrators’ award. Understanding defendant’s opposition requires an exposition of the chronology of this case.
Service of a summons on July 21, 1980 commenced plaintiff’s case in Ontario County Court. Thereafter the *701 pleadings and bills of particulars were exchanged in an orderly and timely fashion and some seven or so months later the parties stipulated that the case be transferred to Rochester City Court. Because this court has a compulsory arbitration program, the matter went to the arbitration commission when the note of issue was filed in City Court on May 5, 1981. The arbitration commission referred the case to a panel of arbitrators which by notice of hearing dated June 15, 1981 scheduled a hearing for July 1, 1981. Sometime during the week of June 22, because of a preexisting commitment he had involving Supreme Court litigation in Ontario County, defendant’s attorney asked the plaintiff’s attorney to consent to an adjournment of the hearing. Plaintiff’s attorney refused, citing his inability to try the case later in July of 1981 because of pre-existing litigation commitments. Nevertheless, the day before the July 1 scheduled hearing the plaintiff’s attorney relented and agreed to a new hearing date which he set for July 7, 1981. On this date, the plaintiff appeared with an associate of his attorney and with his expert witness ready to try the case. The defendant appeared by his attorney but was not personally present. His attorney explained that he had just learned that the defendant was out of town and unavailable to present his evidence at the hearing. Moreover defendant’s attorney’s secretary, who had been instructed to inform the defendant of the new hearing date, was now on vacation and could not explain whether the defendant had been reached with the new date or exactly what efforts had been made to contact defendant with the new date. Defendant’s counsel then asked for a second adjournment. The attorney representing the plaintiff refused to consent and the arbitration chairman denied the defense counsel’s request. Defense counsel noted his appearance on the record and the matter proceeded in an uncontested fashion with no proof being offered to substantiate the defendant’s counterclaim or to rebut and defend against the plaintiff’s claim. Ultimately, the arbitration panel rendered an award in favor of the plaintiff for $3,100 plus interest from April 18, 1980 which was filed with Rochester City Court on or about July 28, 1981 and served on defendant’s attorney on or about July 29, 1981. Approximately 19 days *702 later, on August 17, 1981, defendant filed with the City-Clerk a note of issue and demand for trial de novo along with the statutory fees, and served a copy of these papers on the plaintiff’s attorney.
With this chronology in mind defendant argues that the July 7 hearing date failed to afford him 10 days’ prior notice required by 22 NYCRR 28.6. Also, defendant argues that there has been no default, because he appeared and pleaded the case and appeared “by counsel” (although not in person) at the July 7, 1981 hearing date.
Pursuant to article VI (§28, subd c) of the New York Constitution and CPLR 3405, 22 NYCRR Part 28 established rules governing “alternative dispute resolution by arbitration.” Rochester City Court, a leader in this program, has proven it to be a successful way of expeditiously clearing civil court backlog without sacrificing the quality of justice. (See, e.g., Bayer v Ras, 71 Misc 2d 464.) This court’s records reveal that since September 1, 1970 the arbitration program has disposed of some 16,011 cases. Included in these dispositions were 9,855 trials. And notwithstanding the decrease in litigated personal injury cases as a result of the “no-fault” statute (Insurance Law, art 18) the arbitration program disposed of 790 cases between October 1, 1980 and October 1, 1981. But, as Judge Boehm in Bayer wisely recognized (p 467): “[F]or the arbitration rules to remain effective * * * it was necessary * * * to provide a simple mechanism whereby a disappointed litigant would have his jury trial if he wished one.” Furthermore (p 468): “Since the arbitration program, by making arbitration compulsory, initially deprives the parties of their right to a jury trial, the procedure for obtaining a trial de novo should not be interpreted too narrowly.”
Here, both parties make much of procedural shortcomings — too little notice; improper response to the panel’s award; whether default in defending is the type of default contemplated by 22 NYCRR 28.12. But the common end which all the parties here seek is justice — a chance to have their proverbial “day in court”. The procedure to this end is, and should always be, only a means. It should not become an end itself. “The law favors disposition of contro *703 versies on the merits” (Long Is. Trading Corp. v Tuthill, 243 App Div 617; Lesko v Lesko, 79 AD2d 1100, 1101).
CPLR 104 states: “The civil practice law and rules shall be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding.”
CPLR 2001 states: “At any stage of an action, the court may permit a mistake, omission, defect or irregularity to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded.”
22 NYCRR 28.12 (b) provides: “If the demandant [for a trial de novo] either serves or files a timely demand for trial de novo but neglects through mistake or excusable neglect to do another required act within the time limited, the court where the action was commenced or, if the action was transferred, the court to which it was transferred, may grant an extension of time for curing the omission.”
Taken together, these provisions evidence an intent to prevent forms and technicalities from subverting the substance of justice. And, they grant broad discretion to the courts of this State to carry out this mandate “upon such terms as may be just.” In light of the implication of the arbitration program on the respective parties’ rights to a jury trial, the need for substantial, not merely procedural, justice is even more compelling.
Counsel for plaintiff correctly cites Barasch v Micucci (49 NY2d 594) as authority that “law office failure” as a matter of law is insufficient to serve as a “reasonable excuse” for a default. However, Barasch and its progeny (see, e.g., Bruno v Village of Port Chester, 77 AD2d 580) deal with laxness dismissals in a regular part of court governed by the CPLR. Here the court is not dealing with any lax practice by an attorney. Nor is it dealing with a process governed immediately by the CPLR. The arbitration rules establish their own standards for various procedural matters. In light of the policy considerations underlying the use and effectiveness of the program, the rules of procedure set up by 22 NYCRR Part 28 are less stringent than those adhered to in the CPLR. Thus the stricter approach of Barasch applicable to the CPLR is simply *704 inapplicable to the special arbitration rules of procedure. The fact is that the defendant, who had appeared by counsel throughout the proceeding, appeared by counsel at the time of the rescheduled hearing. In a timely fashion defendant sought a new trial by jury in a regular term of the court and posted the required fees. He made it clear that he was dissatisfied with the arbitration panel’s procedural and substantive decision and demanded his constitutionally protected right to a jury trial. No doubt it might have been more artful of defendant’s counsel to seek an order pursuant to 22 NYCRR 28.7 or 28.13. But 22 NYCRR 28.12 and CPLR 2001 allow the court to treat this clumsy procedure as an irregularity which may be corrected on terms that are just. On this the parties have fully and indeed quite ably argued and briefed the points of law concerning the issue of whether defendant was in default and, if so, whether the court should allow the default to be opened. Thus there is no prejudice to the plaintiff in treating defendant’s opposition papers as a cross motion to open the default.
This court holds that the facts establish that the defendant did default in appearing at the hearing. However the facts presented by the defendant establish “good cause” to open the default in appearing at the hearing under 22 NYCRR 28.7 which standard, in light of the policy considerations discussed above, is held to be less stringent than the standards in Barasch (supra) and its progeny.
The court would note that reasonable time extensions are usually routine manners of courtesy between lawyers in which the court should not be involved. (Bermudez v City of New York, 22 AD2d 865.) This particular case had languished for almost nine months with issue joined, bills of particulars served and the case ready for trial. The refusal by plaintiff’s counsel for what can only be considered a reasonable request for an adjournment (which refusal continued until one day before the scheduled hearing) shifted the case from its businesslike progress to a frantic pace. The court takes judicial notice that the seven-day hiatus between the original hearing date and the adjourned date included the July 4 holiday weekend. This *705 effectively gave defendant’s attorney three business days to notify the defendant, his client, of the adjourned date.
Consistent with the above-cited case law and statutory authority this court holds that the defendant is entitled to an order denying the motion of the plaintiff and granting the defendant an order opening his default. However, this court holds that the entry of such order is conditioned upon filing by the defendant of security with this court in an amount equal to the extra expenses incurred by the plaintiff for his expert witness’ appearance on July 7,1981. Said amount is to be determined by affidavit of plaintiff’s counsel subject to this court’s approval, to be submitted on notice to defendant. Also, the statutory trial de novo fee which has heretofore been filed with the court shall be applied to pay the costs of the first arbitration. In the event that the plaintiff prevails on his claim the security posted shall be paid to the plaintiff. (Prevails being defined as receiving an award in excess of any award obtained by defendant.) Upon signing and filing of the order hereby granted together with the afore-mentioned security for cost, this matter shall be reassigned to a new arbitration panel on a preferential basis.