OPINION OF THE COURT

Per Curiam.

Order dated May 27, 1982 is affirmed, with $10 costs.
This action appeared on the arbitration calendar (see 22 NYCRR Part 28) on July 9, 1981. On that date, upon the failure of defendant and its attorney to appear, an inquest was held, after which the arbitration panel found in favor of plaintiff, awarding it the sum of $2,500, the full amount prayed for in the complaint. A default judgment based thereon was entered by plaintiff on April 13, 1982, and a notice of execution was served on defendant shortly thereafter.
Pursuant to the Civil Court rules providing for mandatory arbitration of disputes where the amount in controversy is $6,000 or less, an arbitration award, or a judgment based thereon, made following a default may be vacated upon a showing of “good cause” (22 NYCRR 28.7).
*110 Defendant moved, by order to show cause dated May 7, 1982, to vacate the default judgment and it is from the granting of that motion that plaintiff now appeals.
Defendant’s assertion that plaintiff did not notify it of the hearing, even if true, is without legal consequence, for it certainly was not plaintiff’s responsibility to keep defendant informed of the developments occurring during the course of the litigation. Moreover, since defendant’s moving papers do not include a denial of receipt of the statutorily mandated court notice of arbitration hearing (see- 22 NYCRR 28.6 [b]), we must assume that defendant did, in fact, receive such court notice and simply failed, for whatever reason, to appear as directed therein. Defendant’s absence from the hearing thus can only fairly be categorized as law office failure.
In Barasch v Micucci (49 NY2d 594), the Court of Appeals, in the context of a plaintiff’s prolonged default for failure to serve a timely complaint, held that an excuse based upon law office failure was, as a matter of law, insufficient to defeat a motion for dismissal under CPLR 3012 (subd [b]). The issue of whether the strict standard enunciated in Barasch (supra), is to be applied in cases involving a defendant’s default was recently dealt with by the Court of Appeals in Eaton v Equitable Life Assur. Soc. of U. S. (56 NY2d 900). In Eaton (supra), a narrow majority of the court, in reversing the Appellate Division, Second Department’s conditional vacatur of a defendant’s default attributable to law office failure, declared (pp 902-903) “Just as it is an abuse of discretion to accept law office failure as an excuse for a plaintiff’s failure to prosecute (Barasch v Micucci, 49 NY2d 594), so is it an abuse of discretion to vacate a default on the application of a defendant whose only excuse is law office failure.” Despite this strong language, it seems unlikely that the holding in Eaton (supra) was intended to mean that a defendant’s default resulting from law office failure may never, regardless of the procedural context in which it arises, be vacated. In interpreting Eaton, it must be remembered that the defaults found objectionable, as a matter of law, in both Eaton and Barasch (supra) occurred during the pleading stages of the respective actions and involved a failure to *111 comply with statutory time limitations. The stringent penalties imposed in Eaton and Barasch for such statutory breaches are inappropriate in a situation where, as here, a party fails to appear, on a single occasion, at a court hearing well after the litigation has gotten off the ground. In such a situation, the court must retain its discretionary authority to relieve a party, under proper circumstances, from a default, even one attributable to law office failure.
Such circumstances justifying a vacatur exist in the case at bar. Unlike the defaulting parties in Eaton (supra) and Barasch .(supra), the defendant herein actively participated in the litigation prior to default, having filed an answer and engaged in disclosure proceedings, and at no time exhibited any apparent intention to abandon its defense to the action. And, whereas the continued course of neglect leading to the defaults in both Eaton and Barasch seriously disrupted the progress of those proceedings, the one-time transgression upon which defendant’s default is predicated did not result in any appreciable delay or cause any demonstrable prejudice to plaintiff, which itself was rather dilatory in bringing the action to trial. Finally, it is significant that defendant moved expeditiously for relief after default (three and one-half weeks). In light of the foregoing factors, Special Term’s granting of defendant’s vacatur application, upon the payment of costs, was not an abuse of discretion.
Tierney, J. P., Riccobono and Sullivan, JJ., concur.