■ Doris L. Sassower, Appellant, v Elizabeth Higbee, Respondent. — In an action to recover fees for legal services rendered, plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Walsh, J.), entered September 14, 1982, which, *inter alia,* granted defendant's motion to vacate an arbitrators' award and the judgment entered thereon, and restored the action to the arbitration calendar for a *de novo* hearing, and (2) an order of the same court, dated February 2, 1983, which, upon an order of said court modifying the order entered September 14, 1982 by, in effect, vacating the determination on defendant's motion, and permitting plaintiff to submit her opposition on the merits to said motion, *inter alia,* granted defendant's motion to vacate and set aside the arbitrators' award and the judgment entered thereon, and restored the action to the arbitration calendar for a *de novo* hearing, on condition that defendant deposit into court costs in the amount of $115, as required by 22 NYCRR 28.7, within 20 days after service of said order with notice of entry. Orders modified, on the law and the facts, by deleting therefrom the provisions granting defendant's motion to, *inter alia,* vacate the arbitrators' award, and by substituting therefor provisions denying said motion. As so modified, orders affirmed, without costs or disbursements. Title 22 (§ 28.7, subd [a]) of the Official Compilation of Codes, Rules, and Regulations of the State of New York provides for vacating the arbitration award where a party defaults and restoring the matter to the arbitration calendar upon a showing of "good cause". Defendant herein has failed to meet the minimum requirement of demonstrating "good cause" for her attorney's failure to proceed. The record before us amply demonstrates that the conduct of defendant's attorney in the instant action has been consistently neglectful and dilatory resulting in numerous motions by plaintiff to compel defense counsel to proceed. The default at the arbitration hearing which is in dispute on this appeal allegedly was occasioned by the fact that the notice of hearing was received at defense counsel's office at a time when he was out of the country. The notice fixing an arbitration hearing date for January 21, 1982, was mailed to the office of defendant's attorney by the chairman of the arbitration panel on December 24, 1981. The hearing, which had been scheduled for 10:00 A.M., commenced at 10:30 A.M. on January 21, 1982. Defendant's attorney appeared at 10:40 A.M. and requested an adjournment. His request was denied. Defendant's attorney remained at the hearing for some time but did not participate. Thereafter, an

award in favor of plaintiff in the principal amount of $5,850 was made by the arbitration panel. On or about March 2, 1982, defendant filed a demand for a trial *de novo*. Plaintiff moved for an order striking defendant's demand. In opposition to plaintiff's motion to strike, defendant's attorney stated that the notice for the arbitration hearing was received in his office while he was out of the country and said hearing was scheduled for two or three days after his return to New York. He made no mention of the date on which he left the country. Defense counsel further alleged that he had sought an adjournment of the arbitration proceedings because he was scheduled to be engaged in the Supreme Court that morning. He admitted to remaining at the hearing for approximately 40 minutes. Trial Term, by order entered April 27, 1982, granted plaintiff's motion to strike the defendant's demand for a trial *de novo* upon the ground that defendant's proper remedy was to move to vacate her default at the arbitration hearing. Approximately three weeks later, on May 19, 1982, defendant moved for leave to reargue the motion to strike. In his moving affidavit defense counsel offered a slightly different reason for seeking an adjournment on the date of the scheduled arbitration hearing. He contended that he was actually engaged in a trial of a matrimonial action in Special Term, Part V, of the Supreme Court, Westchester County. He further contended that he was unable to reach his client, defendant herein, prior to the scheduled date of the arbitration hearing. In opposition, plaintiff's counsel averred that at no time prior to the hearing date did defendant's attorney make any attempt to contact either the arbitrators or himself with reference to an adjournment. Plaintiff's counsel also annexed to his affirmation a copy of the calendar for Special Term, Part V, for the date of January 21, 1982, which indicated that the trial in which defense counsel was allegedly engaged, and which allegedly prevented his presence at the arbitration hearing, had been adjourned until March 17, 1982. The calendar indicated that the daily calendar call commenced at 9:30 A.M., which was one-half hour before the scheduled arbitration. Plaintiff's counsel charged that defense counsel's matrimonial case had already been adjourned when he appeared at the arbitration and defense counsel knew beforehand that it was going to be adjourned. By order entered June 22, 1982, the court denied leave to reargue. Thereafter, defendant moved by order to show cause dated August 20, 1982, to vacate and set aside the arbitrators' award and to restore the matter to the arbitration calendar. In the face of plaintiff's counsel's allegations on the earlier motion, defense counsel, in his supporting affidavit, admitted that the matrimonial trial in which he "was to be actually engaged" was ultimately adjourned. He interposed inconsistent positions claiming that he received notice of the arbitration hearing *for the first time* while he was in attendance at the matrimonial trial in Special Term, Part V, but even if he had received sufficient notice he could not have attended because he was actually engaged in that trial. In addition, defense counsel now claimed that he remained at the arbitration hearing for only 15 to 20 minutes as opposed to the approximately 40 minutes he had previously claimed. Plaintiff cross-moved to vacate defendant's order to show cause dated August 20, 1982, on the ground that the Supreme Court did not have jurisdiction to review a determination made by an arbitration panel pursuant to 22 NYCRR part 28. By order entered September 14, 1982, Trial Term granted defendant's motion to vacate the arbitrators' award and the judgment entered thereon, restored the action to the arbitration calendar and denied plaintiff's cross motion. It found "good cause" had been shown to warrant vacatur of the arbitration award made after default. Plaintiff then moved to vacate the order entered September 14, 1982, upon the ground that the order to show cause by which she brought on her prior cross motion to vacate defendant's order to show cause why the default before the

arbitrators should not be opened, dated August 20, 1982, contained a decretal paragraph which extended plaintiff's time to submit papers in opposition to defendant's motion until five days after service of a copy of the order entered on disposition of her motion to vacate. Trial Term modified the September 14, 1982 order to the extent of allowing plaintiff five days in which to submit her papers in opposition to defendant's motion to open the default before the arbitrators. Plaintiff subsequently submitted papers in opposition to the defendant's motion to open the default before the arbitrators. Plaintiff's counsel argued that even though defense counsel claimed to have been out of the country when notice of the arbitration hearing was received, he had failed to particularize his conduct. He had failed to mention when he left the country or the date of his return. Furthermore, plaintiff's counsel pointed to the fact that defendant's attorney made no mention of who, if anyone, was handling his office matters while he was away and how it was possible that he received no notice of the hearing although he claimed to have returned two or three days prior to the hearing. Plaintiff's counsel further noted that defense counsel did not cross-examine plaintiff at the hearing although he had the opportunity to do so, and then, if necessary, request a continuance. Plaintiff's counsel concluded that defendant's proffered excuses for default were false and contrived. In reply, defendant's attorney claimed for the first time in the instant proceeding that commencing on January 8, 1982, he was at the mid-year meeting in Mexico of the Family Law Section of the American Bar Association. He claimed that he did not return to New York until January 20, 1982, which was only the day prior to the scheduled hearing as opposed to the two or three days prior that he originally claimed. Defendant's attorney further stated that he was not in contact with his office during this entire period because "it was nearly impossible to call from Mexico to New York and the charge for such a call was $45.00 for some three (3) minutes". He reiterated that he was actually engaged in the Supreme Court on another matter on January 21, 1982, and did not know until after he left the arbitration hearing that his adversary in that other matter was submitting an affidavit of engagement. On or about December 13, 1982, plaintiff renoticed her cross motion to strike defendant's motion to vacate her default. Plaintiff's attorney, in his affirmation in support, stated that the notice of arbitration was mailed on December 24, 1981, which was 15 days prior to defendant's attorney's departure for Mexico. Annexed to said affirmation was a letter from the American Bar Association to plaintiff which revealed that the meeting in Mexico of the Family Law Section of the American Bar Association was held from January 9-13, 1982. Defendant's attorney submitted a reply affirmation in which he admitted that the conference he was attending ended on January 13, 1982. In explaining his whereabouts for the period commencing January 13, 1982 until the date of the hearing on January 21, 1982, defense counsel averred that he stayed in Mexico on vacation for "a day or two" after the conference ended. On his return trip to New York he was stranded for two days in New Orleans due to snow and ice storms in the northeast which resulted in the cancellation of airline flights. He further claimed that upon his return home he "recovered from the trip and an illness * * * [and] did not return to [his] office until the time indicated". Defense counsel does not state whether he tried to make contact with his office from New Orleans or from home while he was allegedly recuperating. Defense counsel continued to allege that he had no notice of the adjournment of the matrimonial action in which he was engaged on the date of the arbitration hearing until after the arbitration hearing. However, he also stated that he was at Special Term, Part V, with his client and witnesses ready to proceed to trial and "it was not until after 10:00 a.m. that [he] received a copy of the affirmation of engagement". The court, by order dated February 1, 1983,

granted defendant's motion to vacate the arbitrators' award and restored the action to the arbitration calendar. These appeals ensued. Review of this record in its entirety reveals that defense counsel tailored his excuses for default to meet the allegations and documentary evidence proffered by plaintiff. Defense counsel's lack of candor throughout this proceeding is clearly demonstrated in the vague, inconsistent and often conflicting statements contained in the numerous affirmations he submitted. In view of the fact that the notice of the arbitration hearing was mailed within the same city 15 days prior to defense counsel's departure to Mexico, his contention that he received no notice of the hearing until the date of the hearing itself, is not credible. Nor is his claim of actual engagement in the Supreme Court on the date of the arbitration hearing persuasive since it appears that case was adjourned before commencement of the hearing scheduled in the instant case and defense counsel managed to remain at the arbitration hearing for a period of time even though he claimed to be in the middle of a trial. Accordingly, in the posture of the matter at bar, defendant's counsel failed to demonstrate "good cause", his default was inexcusable and his motion to vacate defendant's default must be denied. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.