OPINION OF THE COURT
Per Curiam.
Order entered July 22, 1986 is modified to the extent of *928 directing the Clerk of the Civil Court to place this matter immediately on the Arbitration Calendar without requiring a prearbitration conference, and, as so modified, is affirmed, without costs.
This action was brought by the plaintiff, an attorney, to recover counsel fees ostensibly earned while representing defendant’s wife in a matrimonial matter. The action came on for arbitration on May 24, 1985. The defendant claims to have had difficulty with public transportation and to have arrived after a $1,500 award had been rendered in favor of plaintiff upon defendant’s "default”. Defendant moved to vacate his default; that motion was unopposed and by order entered June 28, 1985, Thom, J., held: "Motion is granted on default, vacating and setting aside the judgment and restoring the case to the pro se calendar. Pro se clerk to notify both sides of new court date.”
The original record of this matter reflects that plaintiff called the Civil Court Clerk’s office a number of times to ascertain the new arbitration date. Initially the plaintiff was told that a date would be assigned in the ordinary course. Plaintiff, however, was subsequently informed that no new arbitration date would be fixed because the defendant had not paid a "required” $45 arbitration fee. It appears plaintiff was further advised that his only remedy was to move to have the original judgment restored upon the ground the defendant had not paid the required arbitration fee.
The original record reflects that the plaintiff thereafter moved to restore the default judgment because of defendant’s failure to pay the fee. That motion was granted on default by Thom, J., by order of May 23, 1986, "settle order on notice.” Thereafter the defendant again moved to vacate his default (presumably including both the default judgment as restored and defendant’s default on the plaintiff’s motion to restore the original default judgment), which motion was granted by order entered July 22, 1986 (L. Cohen, J.). That July 22, 1986 order is the order appealed from and provides: "The defendant’s motion to vacate his default and to set aside the judgment is granted. The court favors disposition of matters on their merits. The clerk is directed upon service of a copy of this order with notice of entry, upon the clerk, to add this to the pro se calendar. Plaintiff is directed to serve a copy of this order upon the defendant in view of defendant’s pro se status.” In other words, the parties have traveled full circle and *929 are right where they were upon the initial vacatur by Thom, J., of defendant’s "default” at arbitration.
Authority pertaining to payment of an arbitration fee in connection with vacatur of a default at arbitration is found in Uniform Rules for Trial Courts (22 NYCRR) § 208.40 (a) and 22 NYCRR 28.7.* Although the language of 22 NYCRR 28.7 concerning payment of a fee by a party upon being relieved of a default at arbitration is cast in mandatory rather than discretionary or precatory terms, in our view the court necessarily retains discretion, albeit a limited one, to waive the fee requirement where the court concludes that the "default” arose from circumstances beyond the "defaulting” party’s control and to that extent was not a true default.
Clearly, it is preferable for a court in undertaking to relieve a party of a default at arbitration to expressly address the fee aspect of 22 NYCRR 28.7 by either expressly conditioning vacatur on payment of the specified fee or by expressly waiving the fee. Where, however, an order — such as the order of Judge Thom entered June 28, 1985 — vacates a default at arbitration and makes no mention of the 22 NYCRR 28.7 fee provision, that order must be effectuated in accordance with its express terms, i.e., the default at arbitration must be vacated and the matter must be restored to the calendar, and no fee may be required of the party that defaulted at arbitration. It follows that even though plaintiff’s motion to restore the default judgment was granted on default, the premises of that motion was flawed to the extent that defendant had not been required by the order of June 28, 1985 to pay a fee as a predicate to having the matter restored to the calendar. Since the order of L. Cohen, J., entered July 22, 1986, which (for the *930 second time) vacated defendant’s default at arbitration, was consistent with the initial vacatur, we modify (to avoid further delay) only to the extent of directing the Clerk of the Civil Court to place this matter immediately on the Arbitration Calendar without requiring a prearbitration conference.
Riccobono, J. P., Parness and Ostrau, JJ., concur.

 Uniform Rules for Trial Courts (22 NYCRR) § 208.40 (a) provides: "Alternative method of dispute resolution by arbitration. Where the Chief Administrator of the Courts has established this arbitration program, Part 28 of the Rules of the Chief Judge (22 NYCRR Part 28) shall control the proceedings.” 22 NYCRR 28.7 provides: "(a) Where a party fails to appear at the hearing, the panel shall nonetheless proceed with the hearing and shall make an award and decision, as may be just and proper under the facts and circumstances of the action, which may be entered as a judgment forthwith pursuant to section 28.11 (b) of this Part. The judgment, if any, the default and the award may be vacated and the action may be restored to the arbitration calendar only upon order of the court where the action was commenced or, if the action was transferred, the court to which it was transferred, upon good cause shown. Such order of restoration shall be upon condition that the moving party pay into the court an amount equal to the total fees payable by the administrative office for the courts to the panel” (emphasis added).