OPINION OF THE COURT
Doris Ling-Cohan, J.
On February 20, 1997, this breach of contract action appeared on the arbitration calendar for compulsory arbitration pursuant to 22 NYCRR 28.2. Defendant Angela Fox and her attorney failed to appear at the scheduled arbitration hearing. As a result, the arbitrator conducted an inquest and found for plaintiff Norman Goldstein, awarding him the full amount *884 sought in the complaint. On March 12, 1997, defendant filed a demand for a trial de novo. Thereafter, plaintiff moved by order to show cause to: (a) enter judgment against defendant pursuant to the arbitration award; and (b) deny defendant’s demand for a trial de novo pursuant to 22 NYCRR 28.7, 28.12 and 28.13. Defendant cross-moved to: (a) deny plaintiff’s motion; (b) vacate and set aside the default of defendant and her attorney in appearing at the arbitration hearing; (c) vacate the arbitration award; and (d) set down the matter for an arbitration hearing.
Pursuant to 22 NYCRR 28.12 (a), a “[djemand may be made by any party not in default for a trial de novo in the court where the action was commenced” (emphasis added). Since defendant defaulted at the scheduled arbitration hearing, plaintiff is correct in arguing that defendant’s demand for a trial de novo is improper. (See, Statom v Lumbermens Mut. Cas. Co., 106 Misc 2d 442, 444 [App Term, 1st Dept 1980].) Therefore, this court denies defendant’s demand for a trial de novo.
Although plaintiff technically moved to deny defendant’s demand for a trial de novo, plaintiff also anticipated defendant’s cross motion to vacate the default judgment and arbitration award and therefore provided opposition to such requested relief in his moving papers. Plaintiff argues that if defendant moves to vacate the arbitration award, she must do so in accordance with 22 NYCRR 28.7 and 28.13. However, section 28.13 does not apply to the within case since defendant defaulted at the arbitration hearing.*
22 NYCRR 28.7 (a) provides that “[t]he judgment, if any, the default and the [arbitration] award may be vacated and the action may be restored to the arbitration calendar * * * upon good cause shown.” Courts that have dealt with motions to *885 vacate a default judgment and arbitration award at a compulsory arbitration hearing have held that “good cause” refers to a sufficient excuse for the nonappearance of the defaulting party. (See, Sassower v Higbee, 96 AD2d 588 [2d Dept 1983]; Polygon Co., Div. of Plas-Steel Prods. v Kotten Mach. Co., 106 Misc 2d 903, 905 [Suffolk Dist Ct 1980].) As “the rules of procedure set up by 22 NYCRR Part 28 are less stringent than those adhered to in the CPLR” (Lewis v Miller, 111 Misc 2d 700, 703 [Rochester City Ct 1981]), a party seeking to vacate a default judgment and arbitration award does not need to establish a meritorious defense. (Polygon Co., Div. of Plas-Steel Prods, v Kotten Mach. Co., supra, at 905.)
Defendant asserts that she could not attend the arbitration hearing because she was attending class and was relying on her attorney to defend her position at the hearing. Her attorney asserts that on his walk from his office to the courthouse for the scheduled hearing, his knee suddenly became inflamed due to a recent knee injury, requiring him to continue to the courthouse by taxicab. However, because of traffic congestion, he arrived at the courthouse at about 2:30 p.m., after the inquest had already been concluded.
It is strong public policy that matters be disposed of on their merits rather than by default. (See, Lang v French & Co., 48 AD2d 641 [1st Dept 1975].) Accordingly, this court finds that defendant has shown sufficient good cause to warrant vacatur of her February 20, 1997 default and the arbitration award. It is therefore ordered that this matter be set down for an arbitration hearing on the condition that defendant pay into court an amount equal to the total fees payable by the administrative office for the courts to the panel in accordance with section 28.7 (a). (See, Brookman & Brookman v Shaheed, 136 Misc 2d 927, 929 [App Term, 1st Dept 1987].)
The court notes that, although in plaintiffs order to show cause, plaintiff moves to enter judgment pursuant to the arbitration award, in plaintiffs affidavit in further support, plaintiff states that judgment has subsequently been entered. 22 NYCRR 28.11 (b) states “[ujnless a demand is made for a trial de novo, or the award vacated, the award shall be final and judgment shall be entered”. (Emphasis added.) In this action, a demand for a trial de novo had been demanded and although deemed improper by this court, the demand was pend *886 ing at the time judgment was entered. Accordingly, the entry of the judgment was in violation of 22 NYCRR 28.11 and is vacated.

 22 NYCRR 28.13 (a) states that “[a]ny party, except one who has demanded a trial de novo * * * may serve upon all other parties who have appeared and file with the appropriate court clerk a motion to vacate the award on only the [enumerated] grounds [by which] the rights of the moving party were prejudiced”. Applying sections 28.7 and 28.13 together to the case at bar where defendant seeks to vacate the arbitration award would produce inconsistent results. For example, pursuant to section 28.7, a court could find good cause shown thus allowing vacation of a default judgment and restoration to the arbitration calendar while at the same time the court could also find that one of the enumerated grounds of section 28.13 have not been met, requiring denial of a request to vacate the default. Thus, the two sections cannot be read together as the plaintiff argues. Therefore, this court will not require defendant to satisfy the standards set forth in section 28.13 as it is not applicable to her.