OPINION OF THE COURT
Brian Hansbury, J.
Plaintiff moves for an order vacating an arbitration award and restoring the action to the arbitration calendar. The issues presented are twofold: (1) where, as here, a party defaults at an arbitration hearing, what constitutes “good cause” for vacatur of an award and restoration to the arbitration calendar, and (2) upon granting such a motion, may a court impose costs beyond those made mandatory by court rule.
This contract case was commenced to recover $3,260. Since the demand for relief was less than $6,000, the matter was referred to mandatory arbitration (Rules of the Chief Judge [22 NYCRR] § 28.2 [b]). On the scheduled arbitration date, plaintiffs lawyer appeared without a witness and/or evidence in support of the claim. As a result, the arbitrator dismissed the case.
In support of the motion, plaintiff submits the affidavit of its managing agent, an individual with personal knowledge of the facts. It is alleged that on the arbitration date the managing agent was unexpectedly detained at the condominium complex due to broken water pipes and resulting water damage to the property. The affidavit further avers that defendant, the former managing agent of the condominium complex, breached its contract by overbilling plaintiff for certain expenditures related to photocopying, printing and postage.
The defendant opposes the motion, claiming that the action is “bogus” and further argues that counsel for defendant devoted five hours of time to a hearing which never occurred. Specifically, the affirmation of defense counsel states that he spent two hours in preparation for the hearing, two hours commuting and one hour waiting for plaintiffs counsel to arrive at the location designated for arbitration of the claim.
In reply, plaintiff argues that its default was necessitated by an unforeseen emergency and that defense counsel’s expenditure of time is either exaggerated and/or was unnecessary.
*750 Rules of the Chief Judge (22 NYCRR) § 28.7 (a) provides as follows:
“Where a party fails to appear at the hearing, the panel shall nonetheless proceed with the hearing and shall make an award and decision, as may be just and proper under the facts and circumstances of the action, which may be entered as a judgment forthwith pursuant to section 28.11 (b) of this Part. The judgment, if any, the default and the award may be vacated and the action may he restored to the arbitration calendar only upon order of the court where the action was commenced or, if the action was transferred, the court to which it was transferred, upon good cause shown. Such order of restoration shall be upon condition that the moving party pay into the court an amount equal to the total fees payable by the administrative office for the courts to the panel.” :
Notwithstanding plaintiffs uncontested allegation that its lawyer appeared on the scheduled hearing date and supplied the arbitrator with pleadings and a bill of particulars, the court finds that the absence of an authorized representative constitutes a default under 22 NYCRR 28.7 (see Finamore v Huntington Cardiac Rehabilitation Assn., 150 AD2d 426, 427 [2d Dept 1989]). Accordingly, the court must determine whether plaintiff has demonstrated “good cause” to vacate the award and restore the action to the arbitration calendar. An analysis of case law shows that interpretation and application of the “good cause” standard is less than uniform.
In the First Judicial Department, the Appellate Term has consistently held that a party seeking to vacate a default under 22 NYCRR 28.7 (a) must demonstrate both an excuse for the default and a meritorious cause of action or defense (see Edelman v Akhverdiev, 2002 NY Slip Op 50438[U] [App Term, 1st Dept]; Statom v Lumbermans Mut. Cas. Co., 106 Misc 2d 442 [App Term, 1st Dept 1980]; see also Chase Manhattan Bank v Wolfman, 104 Misc 2d 973 [Civ Ct, Bronx County 1980]). The same court has also affirmed a decision vacating a default under 22 NYCRR 28.7 (a) where it was shown that the defendant actively participated in the litigation pr|ior to the default, filed an answer and engaged in disclosure proceedings, and at no time exhibited an intention to abandon its defense. The opinion further noted that the defendant’s default did not result in appreciable delay or demonstrable prejudice to the plaintiff (see *751 Matzkin Co. v Pedersen Assoc., 117 Misc 2d 109 [App Term, 1st Dept 1982]). Notwithstanding the foregoing authority, at least one lower court in the First Judicial Department has held that a party seeking to vacate a default under 22 NYCRR 28.7 (a) need not establish a meritorious cause of action or defense (see Goldstein v Fox, 175 Misc 2d 883 [Civ Ct, NY County 1997]).
Reported decisions in the Second Judicial Department have given considerable attention to the “good cause” standard. In Finamore v Huntington Cardiac Rehabilitation Assn. (150 AD2d 426, 427 [2d Dept 1989]), the plaintiff was not entitled to vacatur and restoration of an action to the arbitration calendar where the record was devoid of a “valid reason” for his failure to proceed. (See also Bitzko v Gamache, 168 AD2d 888, 888 [3d Dept 1990] [“good cause” not shown where record fails to indicate a “valid reason” for defendant’s failure to proceed with arbitration]; Martbeat Med. Supply v GEICO Ins. Co., NYLJ, Jan. 17, 2003, at 23, col 2 [Nassau Dist Ct] [in order to establish “good cause,” a party must show a “valid reason” for the failure to proceed with arbitration].)
Similarly, without expressly commenting upon the requirement of a showing of a meritorious cause of action or defense, the Appellate Division, Second Department, has held that in order for a moving party to establish “good cause,” the proof must show that the default was excusable (Sassower v Higbee, 96 AD2d 588, 591 [2d Dept 1983]; see also Schurmann v Sayres, 2002 NY Slip Op 40339[U], *1 [App Term, 9th & 10th Jud Dists] [conclusory assertion that defendant’s “responsibilities as such prevented (him) from appearing ...” insufficient to establish “good cause”]).
However, in reversing an order which granted defendant’s motion to vacate an arbitration award and restore the action to the arbitration calendar, the Second Department noted that the defendant, who was in default on the arbitration, failed to show a meritorious defense to the claim. Citing CPLR 5015 (a), the Court reaffirmed that proof of a meritorious cause of action or defense is “a requirement on any application to vacate a determination made upon a default.” (Landa, Picard & Weinstein v Ruesch, 102 AD2d 813, 813 [2d Dept 1984].)
In contrast to Landa, Picard & Weinstein, one lower court in the Second Judicial Department has distinguished the requirements for vacatur of a default pursuant to CPLR 5015 and has held that a motion under 22 NYCRR 28.7 (a) need not demonstrate the existence of a meritorious cause of action or defense *752 (see Polygon Co. Div. of Plas-Steel Prods. v Kotten Mach. Co. of Brooklyn, 106 Misc 2d 903 [Suffolk Dist Ct 1980]).
Under the doctrine of stare decisis, a-lower court must follow a decision of an Appellate Term to which an appeal from the former lies. (28 NY Jur 2d, Courts and Judges § 220.) Applying the foregoing principle of law, this court is not bound to follow the decisions of the Appellate Term, First Department (see e.g. People v Furst, 1 Misc 3d 654 [White Plains City Ct 2003]; People v Pestana, 195 Misc 2d 833 [Crim Ct, NY County 2003]; Yellow Book of N.Y. v Dimilia, 188 Misc 2d 489 [Nassau Dist Ct 2001]; 81 Franklin Co. v Ginaccini, 149 Misc 2d 124 [Civ Ct, NY County 1990]; but compare Dolan v Linnen, 195 Misc 2d 298 [Civ Ct, Richmond County 2003] [decision of the Appellate Term outside the lower court’s judicial department is binding]). Nonetheless, the court finds the Edelman and, Statom decisions highly persuasive and adopts the “good cauise” standard espoused therein.
Moreover, in Landa, Picard & Weinstein the Appellate Division, Second Department, has made clear that a showing of a meritorious cause of action or defense is a requirement on any application to vacate a determination made upon a default, including the dismissal of an action based upon a party’s default at a compulsory arbitration hearing. This case represents binding authority upon the court (see Mountain View Coach Lines v Storms, 102 AD2d 663 [2d Dept 1984]).
In view of the foregoing, the court holds that the “good cause” standard set forth in 22 NYCRR 28.7 (a) requires that a moving party establish a reasonable excuse for the default and the existence of a meritorious cause of action or defense. Upon the papers submitted, plaintiff has satisfied this burden.
Rules of the Chief Judge § 28.7 (a) requires that an order of restoration be conditioned upon the payment of an amount equal to the total fees paid by the administrative office for the courts to the arbitration panel. Although cast in mandatory rather than discretionary terms, the Appellate Term, First Department, has stated that the “court necessarily retains discretion, albeit a limited one, to waive the fee requirement where the court concludes that the ‘default’ arose from circumstances beyond the defaulting party’s control and to that extent was not a true default.” (Brookman & Brookman v Shaheed, 136 Misc 2d 927, 929 [App Term, 1st Dept 1987].)
While plaintiffs default appears to be unintentional and caused by a sudden event, the court will abide by the plain *753 meaning of 22 NYCRR 28.7 (a) and will direct plaintiff to pay the required fee. Next, the court must determine whether it has authority to impose additional costs and, if so, what amount is reasonable under the circumstances.
In Matzkin Co. defendant’s motion pursuant to 22 NYCRR 28.7 (a) was granted upon the condition that defendant’s attorney pay $450 in costs to the plaintiff. This amount was upheld on appeal notwithstanding defendant’s default being characterized as a “one-time transgression.” (117 Misc 2d at 111.) Similarly, the decision in Chase Manhattan Bank granted plaintiff’s motion subject to the payment of $150 and the required fees to the administrative offices of the court. (104 Misc 2d at 977.) Likewise, in Lewis v Miller (111 Misc 2d 700, 705 [Rochester City Ct 1981]), a motion to vacate and restore an action to the arbitration calendar was granted on the condition that defendant post security in an amount equal to the extra expenses incurred by plaintiff for his expert witness’ fees.
The court concludes that the mandatory fee requirement under 22 NYCRR 28.7 (a) does not bar or otherwise impact upon its authority to impose costs as compensation for expenses incurred by a nondefaulting party.
There is no evidence to suggest that plaintiffs failure to appear was willful. However, it still remains that plaintiff was in the best position to avoid its default and/or make alternate arrangements for its appearance at the arbitration hearing. As such, reasonable costs in favor of the defendant are appropriate under the circumstances. Indeed, any other result would cause the defendant to shoulder expenses incurred by no fault of its own.
Motion granted upon the condition that plaintiff pay defendant costs in the sum of $200. Plaintiff shall also pay into court the fee paid by the administrative office for the courts to the arbitrator (22 NYCRR 28.7 [a]).