Hodnett v Habberstad BMW Bay Shore NY (2022 NY Slip Op 50293(U))

[*1]

Hodnett v Habberstad BMW Bay Shore NY

2022 NY Slip Op 50293(U) [74 Misc 3d 136(A)]

Decided on March 31, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 31, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., ELIZABETH H. EMERSON, HELEN
VOUTSINAS, JJ

2021-78 S C

Gaetina Hodnett, Respondent,
against
Habberstad BMW Bay Shore NY, Appellant.

Zabell & Collotta, P.C. (Ryan M. Eden of counsel), for appellant.
Gaetina Hodnett, respondent pro se (no brief filed).

Appeal from an order of the District Court of Suffolk County, Second District (Garrett W.
Swenson, Jr., J.), dated December 1, 2020. The order denied defendant's motion to, in effect,
vacate an arbitrator's award entered upon defendant's default in appearing at an arbitration.

ORDERED that the order is affirmed, without costs.
In this small claims action, plaintiff claims that defendant automobile seller failed to provide
her with the warranty protection to which she was entitled and that she incurred $1,700 procuring
a substitute warranty. The matter, which was submitted to mandatory arbitration (see
Rules of Chief Judge [22 NYCRR] part 28), was originally set down for arbitration in March
2020, was rescheduled several times, and was finally scheduled for August 20, 2020. Defendant
failed to appear and, following an inquest, the arbitrator, in an "Arbitration Case Report,"
awarded plaintiff the principal sum of $1,700.
Defense counsel, who had not previously filed a notice of appearance, moved, pursuant to
CPLR 5015 (a), to vacate the arbitration case report and to restore the matter to the court's
calendar. In a supporting affirmation, attorney Ryan M. Eden described the efforts he had made
on August 19, 2020 to determine whether the arbitration would be proceeding on August 20,
2020. Eden stated that, based on his various efforts, he believed that the matter had been
administratively adjourned. He asserted that plaintiff had "received the complete warranty to
which she was entitled," and that, at a hearing, defendant's manager would present evidence
concerning the warranty on plaintiff's vehicle. By order dated December 1, 2020, the District
Court denied defendant's motion.
As this matter was set down for mandatory arbitration, defendant's default was subject to
vacatur "upon good cause shown" under the Rules of the Chief Judge (22 NYCRR) § 28.7
(a) (see e.g. Rosman & Co. v
Chideckel, 44 Misc 3d 137[A], 2014 NY Slip Op 51248[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2014]; Clover
Commercial Corp. v Isidore, 17 Misc 3d 126[A], 2007 NY Slip Op 51837[U] [App
Term, 2d Dept, 9th & 10th Jud Dists 2007]), rather than pursuant to a CPLR 5015 (a)
motion. In any event, as on a motion pursuant to CPLR 5015 (a) (1), a meritorious defense is a
requirement on an application to vacate a default in appearing at a mandatory arbitration pursuant
to the Rules of the Chief Judge (22 NYCRR) § 28.7 (a) (see Landa, Picard &
Weinstein v Ruesch, 102 AD2d 813 [1984]; Edelman v Akhverdiev, 2002 NY Slip
Op 50438[U] [App Term, 1st Dept 2002]; Statom v Lumbermens Mut. Cas. Co., 106
Misc 2d 442 [App Term, 1st Dept 1980]; cf. Jerue v Poppy's Auto Parts and Wreckers, 14 Misc 3d 131[A],
2007 NY Slip Op 50054[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]). Defense
counsel's conclusory assertion that a meritorious defense existed to plaintiff's cause of action,
made without any evidentiary support, was inadequate to establish a potentially meritorious
defense, which warranted denial of defendant's motion (see New St. Assoc., LLC v Gach, 173 AD3d 749, 751 [2019]; Wise v Classon Vil., L.P., 172 AD3d
1444, 1446 [2019]), without consideration of whether defendant otherwise demonstrated
good cause sufficient to vacate its default. We therefore conclude that the District Court properly
denied defendant's motion.
We do not consider any materials which are dehors the record (see Chimarios v Duhl,
152 AD2d 508 [1989]).
Accordingly, the order is affirmed. 
DRISCOLL, J.P., EMERSON and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 31, 2022