JUANITA FORTUNE et al., Plaintiffs, *v.* HYLE HOLDING CORPORATION, Defendant, and LOUIS PIGNATORE, Defendant and Third Party Plaintiff. JAMES CARTER, Third Party Defendant.

City Court of the City of New York, Special Term, Queens County, March 18, 1947.

*Martin M. Alpert* for third party defendant.

*Chester S. Mandel* for plaintiffs.

*Paul P. Meltzer* for third party plaintiff.

Towers, J. The plaintiffs brought an action to recover damages for personal injuries and loss of services respectively against the defendants, Hyle Holding Corporation and Louis Pignatore. On November 6, 1946, and pursuant to the new third party practice effective September 1, 1946 (Civ. Prac. Act, § 193-a, as added by L. 1946, ch. 971; Rules Civ. Prac., rule 54), the latter, as third party plaintiff, served upon James Carter, as third party defendant, a third party summons and complaint to which there was attached a copy of the plaintiffs' complaint. On November 9, 1946, the third party defendant's answer to the cross complaint was served by mail. No notice of any kind was served upon the third party defendant notifying him or his attorney that the cause was on the calendar, nor was any note of issue served upon him, with the exception that on February 7, 1947, the attorney for the third party plaintiff notified the attorney for the third party defendant that this action, bearing Calendar No. C 341, would appear for trial on February 11, 1947, at Trial Term, Part I. The third party defendant's attorney acknowledged receipt of this letter, stating that he had never received notice that the case would be on the calendar for trial on February 11, 1947, and that he would not and could not be ready on that date. When the action was called for trial the facts were presented in open court to the Trial Justice who granted an adjournment to give the attorney for the third party defendant an opportunity to seek relief in Special Term. Such relief is now sought in the alternative by the instant application.

(1) By this branch of the application, it is sought to dismiss the third party complaint upon the ground that it is not related to the claim of the original plaintiffs by any questions of law and fact common to both controversies.

According to the plaintiffs' complaint the corporate defendant, Hyle Holding Corporation, was the owner of certain premises

and the third party plaintiff, Louis Pignatore, was in possession thereof under a lease; that on January 21, 1946, said defendants, or either of them, were engaged in making repairs, alterations and improvements in the loft occupied by the defendant Pignatore; that on said day while the plaintiff, Juanita Fortune, was lawfully on the afore-mentioned premises a portion of the ceiling, plaster and floor beams, which the defendant or either of them were engaged in repairing, etc., was caused to fall striking said plaintiff and injuring her.

The defendant Pignatore's answer consists of a general denial and contains the affirmative defense that prior to the commencement of this action and on or about February 6, 1946, the plaintiff, Juanita Fortune, for a valuable consideration executed and delivered to said defendant a general release under seal.

According to the third party complaint, the third party plaintiff was in possession of part of the second floor of the premises in question, and the third party defendant occupied a part of the first floor directly beneath that occupied by the third party plaintiff; that the plaintiff, Juanita Fortune, was an employee of the third party defendant at the time of the occurrence of the accident; that said third party defendant represented that he sustained property damages as a result of the accident which occurred on January 21, 1946, and that he represented both his employee, Juanita Fortune, and himself in negotiations with the third party plaintiff looking to the settlement of the damages respectively sustained by them; that on February 5, 1946, both of said claims were settled for the total sum of $900; that the third party defendant requested that the third party plaintiff pay him the entire sum of $900 in full settlement of both such claims and warranted that he would pay therefrom to Juanita Fortune her share of such settlement; that the third party plaintiff paid the sum of $900 to the third party defendant in full settlement of both claims, with the understanding that the third party defendant would pay to the plaintiff, Juanita Fortune, her share of the proceeds; that the third party plaintiff believed said representations and warranties and relied on same and was thereby induced to pay said sum of $900 to the third party defendant; that said representations and warranties made by the third party defendant as aforesaid were false and were known by the third party defendant to be false when made, and were made with the purpose and intent to deceive and defraud the third party plaintiff, and that the third party defendant has not paid to the said Juanita Fortune, one of the plaintiffs herein, any part of the $900 received by him as aforesaid. His second

cause of action against the third party defendant realleges the foregoing allegations and asserts that by reason thereof he was damaged in the sum of $1,000. He demands judgment over against the third party defendant on his first cause of action for the amount of any verdict or judgment which may be obtained herein by the plaintiffs against him, and judgment in the sum of $1,000 on his second cause of action.

According to the opposing affidavit, the third party plaintiff gave the third party defendant on February 5, 1946, a check in the sum of $450 and made arrangements with him to meet at the home of the plaintiff, Juanita Fortune, to effect the signing and delivery of general releases. The following day they called at Mrs. Fortune's home with a notary public, at which time, however, the third party defendant requested the third party plaintiff to make the second check of $450 also payable to him stating that he would '' take care of Juanita Fortune ''. This was done in the presence of her husband, her coplaintiff in this action, and it is claimed that she assented to this arrangement. Accordingly, the second check of $450 was made payable to the third party defendant and both signed general releases running to the third party plaintiff. Thereafter Juanita Fortune lodged a complaint against the third party defendant with the District Attorney who took no criminal action inasmuch as this was a matter within the province of the civil courts. The instant civil suit followed.

It is clear from the foregoing that under the former practice the third party action herein would be unavailable because thereunder a third party could be impleaded only upon showing that he '' is or *will* be liable '' over to the third party plaintiff for the judgment or part thereof recovered by the plaintiff against him, and the third party claim '' was required to emanate from the claim initially asserted by the plaintiff, or at least to rest upon the same grounds * * *.'' (*Van Pelt* v. *City of New York,* 188 Misc. 995, 999.) Under the new practice the impleader is allowed upon a showing '' (1) that the third party ' *may* be liable ' to the defendant for all or part of the plaintiff's claim against the defendant, and, (2) that the third party claim is related to the main claim by a question of law or fact common to both controversies.'' (*Salzberg* v. *Raynay Holding Corp.,* 188 Misc. 1009, 1011.) '' The new statute affirmatively provides that the third party claim need not be based upon the same cause of action or grounds as the main claim.'' (*Tyrrell, Inc.,* v. *Vahlsing,* N. Y. L. J., March 4, 1947, p. 866, col. 4.) The only requirement is that the third party claim must be related to the main

action by some question of law or fact common to both controversies, thus eliminating the old requirement of identity of claims. The instant case presents questions of fact and law common to both controversies by reason of the defense of general release asserted by the third party plaintiff and the allegations in his cross complaint that said release was delivered to him at the time he paid the sum of $900 to the third party defendant, who represented and warranted that part of the sum would be paid to the plaintiff, Juanita Fortune, as consideration for such release.

(2) The second alternative application seeks to dismiss the third party complaint without prejudice, or that a separate trial thereof be directed, or that it be stricken from the calendar.

The court can perceive no prejudice to the third party defendant in having both controversies disposed of at one time. The plaintiffs, who have already been delayed to some extent in the prosecution of their claim, do not complain and have interposed no objection to the third party controversy. It is difficult to see any valid basis for the third party defendant's objection.

His contention that the case is not properly on the calendar because he received no formal notice presents a more serious question in view of the following provisions of rule 150 of the Rules of Civil Practice: "A party who brings in a new party shall within five days thereafter serve such new party or his attorney, if he has one, with a copy of the note of issue and shall also within the same five-day period file a statement with the clerk advising him of the bringing in of such new party and of any change in the title of the action, together wth proof of due service of the note of issue upon the new party, or his attorney, and of such statement upon the attorneys for all parties who have appeared in the action. The cause shall retain its place upon the calendar unless the court shall otherwise direct." If the case was not on the calendar when the third party defendant served his answer, it would seem that any party thereafter placing the case on the calendar would be obliged to serve a copy of the note of issue not only upon his adversaries but upon the third party defendant as well. (Rules Civ. Prac., rule 150.) If, as here, the case was already on the calendar at the time that the third party defendant served his answer, it was incumbent upon the third party plaintiff, who brought in the new party, to comply with the provisions of the paragraph of rule 150 of the Rules of Civil Practice above set forth. This, concededly, has **not been done.**

The third party plaintiff urges that the Legislature made no such provision when it enacted the new third party practice, and that section 264 of the Civil Practice Act gives a party the right to serve a cross complaint as late in the proceedings as twenty days before trial. It is, of course, true that no express provision was enacted by the Legislature in its recent amendment of impleader practice, but that was unnecessary in view of the existing provisions of rule 150 of the Rules of Civil Practice. However, no prejudice has resulted to the third party defendant. He has not been pressed for trial and has obtained an adjournment to enable him to make the instant application and will, no doubt, obtain a further reasonable adjournment to enable him to prepare for trial. Under these circumstances there is no reason to strike the cross complaint from the calendar, particularly since this question has arisen so soon after the effective date of the new third party practice, when the members of the Bar are still unfamiliar with its provisions. (*Rusnak* v. *Doby,* 267 App. Div. 122.)

(3) The third and final alternative relief sought by the third party defendant is to dismiss the third party complaint upon the ground that the cause of action between the original parties was at issue long prior to September 1, 1946, the effective date of section 193–a of the Civil Practice Act.

This contention is altogether without substance. As was stated in *Shielcrawt* v. *Moffett* (294 N. Y. 180, 188): " In the absence of language indicating a contrary legislative intent, a remedial and procedural statute is ordinarily applied to procedural steps in pending actions, and is given retrospective effect insofar as the statute provides a change in the form of remedy or provides a new remedy for an existing wrong. ' Where a new statute deals with procedure only, *prima facie* it applies to all actions — those which have accrued or are pending and future actions (Sutherland on Statutory Construction, page 630) '. (*Laird* v. *Carton,* 196 N. Y. 169, 171.) "

In this court's opinion the provisions of section 193–a of the Civil Practice Act deal with procedure only. They did not create a new right or abrogate an old one. They merely changed the practice and procedure of the court, that is, " the mode of attaining or defending rights " in a pending action. (*Matter of Davis,* 149 N. Y. 539, 545.) They therefore apply " ' to all actions — those which have accrued or are pending and future actions.' " (*Laird* v. *Carton,* 196 N. Y. 169, 171–172.)

It follows that the motion must be denied. Settle order on notice.