OPINION OF THE COURT
Harold J. Hughes, J.
The plaintiffs move for an order vacating a judgment entered by the Clerk of Rensselaer County pursuant to 22 NYCRR 28.11 (b) on November 25, 1981 which judgment, pursuant to an arbitrator’s award, dismissed the personal injury claim of the infant Paula Bridges, the derivative claims of the plaintiffs Joseph and Dorothy Bridges, and the counterclaim asserted by the defendant City of Troy against plaintiff Joseph Bridges.
The issue presented is whether 22 NYCRR 28.12 permits the filing of a demand for a trial de novo as to only a portion of an arbitrator’s award.
The action arises from an occurrence of March 23, 1978 near the intersection of Harrison and First Streets in the City of Troy, when the public roadway allegedly collapsed beneath an automobile owned and operated by Joseph Bridges in which the infants Paula and Penny Bridges were riding as passengers. The complaint contains the following causes of action: (1) for personal injuries allegedly sustained by the infant Paula Bridges; (2) for personal injuries allegedly sustained by the infant Penny Bridges; (3) a third cause of action on behalf of Joseph Bridges for property damage to his automobile; and (4) for derivative *385 loss on behalf of Joseph and Dorothy Bridges, parents of the infants. Under the rules governing alternative dispute resolution by arbitration (22 NYCRR Part 28) the case went to arbitration and an award was rendered and filed on July 27, 1981 which awarded $1,500 to Penny Bridges, $426.80 to Joseph Bridges for his property damage, and dismissed the other causes of action as well as a counterclaim asserted by defendant against Joseph Bridges. On August 4,1981 defendant filed a demand for a trial de novo pursuant to 22 NYCRR 28.12 in which the defendant purported to limit the application of the demand to only that portion of the arbitration report and award which gave a recovery to Penny Bridges and Joseph Bridges. On motion of defense counsel the Clerk of Rensselaer County entered a judgment on November 25, 1981 dismissing the cause of action of the infant Paula Bridges, the derivative claim of Joseph and Dorothy Bridges, and the counterclaim asserted by the City of Troy.
On this motion the plaintiffs take the position that the filing of a demand for a trial de novo by the defendant had the effect of vacating the arbitration award in its entirety, resulting in the entire case being returned to the calendar of this court for a trial de novo. The defendant takes the position that all of the claims before the arbitrators were separate and severable and the defendant had a right to accept part of the award of the arbitrators and limit its demand for a trial de novo only to those claims upon which the defendant disagreed with the arbitrator’s decision.
Under 22 NYCRR 28.11, once a panel of arbitrators files its report and award, the clerk of the court where the action was commenced must enter a judgment thereon unless a demand for a trial de novo is made by one of the parties, or the award is vacated. Section 28.12 (a) of title 22 of the Official Compilation of Codes, Rules and Regulations of the State of New York provides: “Demands may be made by any party not in default for trial de novo in the court where the action was commenced or, if the action was transferred, the court to which it was transferred, with or without jury. Any party, within 30 days after the award is filed with the appropriate court clerk, may serve upon all adverse parties a demand for trial de novo.”
*386 The foregoing rule has been interpreted by an Appellate Term of the First Department in Statom v Lumbermens Mut. Cas. Co. (106 Misc 2d 442, 444) as follows: “22 NYCRR 28.12 provides for a demand for a trial de novo by any party, with or without a jury. The demand is required to be made within 30 days after the award is filed with the appropriate court clerk * * * The trial de novo application is not addressed to the discretion of the court; it is a procedural mechanism only, the equivalent of a note of issue, a means of assuring the constitutionally guaranteed right to a trial by jury (or Judge)”.
In other words, a demand for a trial de novo under 22 NYCRR 28.12 is the equivalent of a Trial Term note of issue. The law has long been settled that when a litigant files a Trial Term note of issue that note of issue places upon the calendar all claims of the lawsuit, even third-party actions commenced after the filing of the note of issue (Fortune v Hyle Holding Corp., 188 Misc 1011). The court does not believe that this defendant could have filed a Trial Term note of issue which only placed the second and third causes of action in the complaint upon the Trial Calendar and somehow severed, without a court order, the first and fourth causes of action as well as the counterclaim. The foregoing could not be accomplished through the filing of a note of issue and there is nothing in the language of 22 NYCRR 28.12 which authorizes a party to accomplish the same result by the filing of a demand for a trial de novo. If the drafters of the rules had intended that a demand for a trial de novo could be addressed to only a portion of an arbitrator’s award, they could have clearly so stated utilizing language similar to that found in CPLR 5515 (subd 1) which authorizes a party to appeal from all or only a specific part of a judgment or order.
It appears that the plaintiffs justifiably believed that once the defendant had filed a demand for a trial de novo the entire arbitrator’s award was vacated and there was no need for their clients to incur the additional expense, beyond those already caused by the arbitration process, that would have accrued had plaintiffs’ counsel been compelled to prepare and file an additional demand for a trial de novo. The arbitration procedure was adopted as a means *387 of reducing the delay and expense of litigation and should not be permitted to cause a contrary result by reading into the language of the rules, technical subrules and procedures not contained within the plain language. Under the present language of the rule, a demand for a trial de novo has the effect of vacating an entire arbitrator’s award and returning all of the causes of action pleaded to the court for trial. Any different rule allowing a litigant to pick and choose those portions of an award he wishes to vacate should be by way of an amendment to the rule rather than by decision of defense counsel.
The motion of the plaintiffs for an order vacating the judgment entered by the Clerk of Rensselaer County on November 25, 1981 shall be granted, without costs.