## (May 19, 1983)

■ DAVID ACKERMAN et al., Appellants-Respondents, v VERTICAL CLUB CORPORATION, Respondent-Appellant, and ABRAHAM HIRSCHFELD et al., Respondents. — Order of the Supreme Court, New York County (Blangiardo, J.), entered on May 12, 1982, which partially granted defendants' motion to dismiss the complaint for failure to state a cause of action (CPLR 3211, subd [a], par 7) by dismissing each cause of action stated in the verified complaint as against the individual defendants in their personal capacities, and dismissing the fourth and sixth causes of action with leave to replead against the corporate defendant, unanimously modified, on the law and the facts, to reinstate those causes pleaded against the individual defendants personally, and to reinstate the fourth and sixth causes of action as pleaded, and otherwise affirmed, without costs. Plaintiffs, proceeding as a class[1] representing the claims of approximately 50 purchasers of memberships in the Vertical Club Corp., a private exercise and tennis facility located on Manhattan's east side, appeal from so much of the order as dismissed the causes of action against the individual defendants. Defendants, the Vertical Club Corporation, and Abraham and Elie Hirschfeld, its controlling officers, cross-appeal from so much of the order as denied their motion to dismiss the complaint in its entirety. Alternatively, defendants seek dismissal against certain named plaintiffs on the grounds of lack of capacity (CPLR 3211, subd [a], par 3) and the pendency of another action for the same relief (CPLR 3211, subd [a], par 4). The allegations of the complaint, deemed true for the purposes of defendants' motion, charge that the individual defendants, acting on behalf of the corporation and in their own interests, committed fraud and conversion, under both common law and article 30 of the General Business Law,[2] in connection with the promotion and sale of memberships in the defendants' club. Plaintiffs allege that the defendant corporate officers, in connection with promoting the sale of memberships, made material misrepresentations of the size and extent of facilities to be offered, which were never completed or intended to be completed. The complaint charges that the individual defendants converted the funds paid for membership, in violation of the escrow requirement of section 622 of the General Business Law, in order to reduce the mortgage on

---

1. Inasmuch as plaintiffs have not yet moved for an order allowing this matter to proceed as a class action, and their time in which to move for such an order has not expired (CPLR 902), we do not consider defendants' arguments with respect to the appropriateness of the class.

2. Article 30 of the General Business Law (§ 620 et seq., eff Jan. 1, 1979), regulating health club services, prohibits exactly the type of deceptive promotional activities here charged. Section 626 lists certain deceptive acts which are prohibited, including misrepresentation of the size and importance of plant facilities. Section 628 authorizes a private right of action under the act in favor of a purchaser who has been injured by deceptive promotional activities, and authorizes an award of treble damages as well as attorney's fees. Section 629 authorizes a civil fine of up to $2,500 for each violation, and section 630 authorizes the Attorney-General to bring an action to enforce the provisions of the article. We are advised that the Attorney-General has been requested to intercede, but is undecided pending the outcome of this litigation.

the Vertical Club building, allegedly owned by Abraham Hirschfeld individually. We hold that the allegations of the complaint describe the circumstances constituting the wrong with sufficient particularity to apprise the defendants and the court of the complained-of transactions, stating the material elements of each cause of action (CPLR 3013), and state causes of action against the individual defendants in their personal capacities. Special Term, in dismissing the complaint against the individual defendants in their personal capacities, stated in its accompanying memorandum decision that the Hirschfelds were acting as disclosed agents of the defendant corporation and were thus not personally liable. Given the allegations that the individual defendants profited personally from the alleged fraud and conversion, such status as corporate agents is insufficient to shield the individual defendants from personal liability. (See *Buckley v 112 Cent. Park South,* 285 App Div 331, 334; *La Lumia v Schwartz,* 23 AD2d 668.) In *Buckley,* this court stated (p 334) that it is "clear that when the corporate officer commits independent torts or predatory acts directed at another, he may not seek refuge behind the mantle of immunity." Accordingly, the fourth and sixth causes of action, seeking damages against the individual as well as the corporate defendants, are sufficiently pleaded. Any deficiency on the face of the complaint due to lack of detailed pleading of the facts and circumstances of the alleged fraudulent conduct is cured by the detailed affidavits submitted by plaintiffs, resort to which is proper for the limited purpose of sustaining a pleading against a motion to dismiss under CPLR 3211 (subd [a], par 7) (see *Rovello v Orofino Realty Co.,* 40 NY2d 633, 636). Defendants argue in support of their cross appeal that Special Term should have dismissed the common-law fraud causes of action without leave to replead for failure to plead with particularity (CPLR 3016, subd [b]) the elements of the tort of fraud. This court, however, has subordinated the threshold pleading requirement of CPLR 3016 (subd [b]) to the notice standard of CPLR 3013. (*Foley v D'Agostino,* 21 AD2d 60; see *Limmer v Medallion Group,* 75 AD2d 299, 302; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3016:3, p 71.) The allegations of fraud contained in the complaint and the supporting affidavits are sufficiently detailed to satisfy CPLR 3013. Defendants challenge the inclusion of plaintiff Irwin Sayer in the plaintiff class on the ground that an action by Mr. Sayer is currently pending in the Small Claims Part of the New York City Civil Court seeking the same relief. Special Term properly denied defendants' motion to dismiss plaintiff Sayer's claim. Given the informal procedure of the Small Claims Part (see CCA, § 1804; *Goldstein v Consolidated Edison Co. of N. Y.,* 93 AD2d 589), the letter of discontinuance sent by plaintiff Sayer should be deemed sufficient. In any event, CPLR 3211 (subd [a], par 4) states that the court need not dismiss on the ground of the pendency of another action, but may make such order as justice requires. Here an order of consolidation would be more appropriate than dismissal. Defendants also challenge the capacity to maintain this action (CPLR 3211, subd [a], par 3) of certain named plaintiffs whose membership privileges stem from the memberships of their corporate employers rather than from memberships in their own names. Special Term properly declined to dismiss the complaint with respect to these named plaintiffs in light of the allegations made by these plaintiffs that they paid their pro rata share of the costs of the corporate memberships. Defendants' additional argument with respect to the appropriateness of the class is premature and as to estoppel is unmeritorious. Concur — Murphy, P. J., Kupferman, Sandler, Sullivan and Alexander, JJ.