OPINION OF THE COURT
David B. Saxe, J.
This is an action for loss of musical instruments predicated on theories of negligence and breach of bailment contracts against each of the two named defendants. The defendants each claim freedom from liability and assert cross claims against one another in the event liability is found to exist.
Because plaintiff sought less than $6,000 in money damages, the action was first submitted to compulsory arbitration in accordance with 22 NYCRR 28.2. The arbitrators found in the plaintiff’s favor, in the amount of $1,500 to be divided equally between the two defendants. Then defendant Lincoln Center for the Performing Arts, Inc., within the time permitted by law, served and filed the following demand for a trial de nova which stated: “Please take notice, that pursuant to Rule 22 NYCRR 28.12 of the Rules of the Administrative Board, Rules Governing Compulsory Arbitration, demand for trial de nova is hereby made by defendant Lincoln Center for the Performing Arts, Inc. and defendant Goldman Band Concerts, Inc.”
The plaintiff took the position that the demand was valid only insofar as defendant Lincoln Center was concerned — as against defendant Goldman Band Concerts the plaintiff contended the demand was invalid. He thus sent a letter to counsel for Lincoln Center stating: “Pursuant to Rule 2101 (f) CPLR, I reject and return the enclosed demand for trial de nova in the above- *43 entitled action, insofar as it is made by you on behalf of defendant Goldman Band Concerts, Inc. You are counsel only to defendant Lincoln Center for the Performing Arts, Inc. and not counsel for Goldman Bands.”
Counsel for Lincoln Center responded, acknowledging that the demand was made only on behalf of his client, but added “a trial de nova, unlike a Notice of Appeal, affects both defendants.”
Plaintiff then proceeded to enter judgment based on the arbitration award against defendant Goldman Band Concerts, Inc., in the amount of $750, stating that no demand for trial de nova or motion to vacate the arbitration award has been made by Goldman Band and the time required by the rules of this court to do so have expired.
The action then appeared before me for trial de nova. The plaintiff and both defendants were present. Because of the dispute between plaintiff and defendant Goldman Band Concerts, Inc., on the issue of whether the demand for a trial de nova vacated the award as against Goldman Band Concerts, a hearing was held on this issue.
As indicated, plaintiff took the position that Lincoln Center’s demand for a trial de nova was ineffectual vis-á-vis Goldman Band and there having been no valid demand by Goldman Band for a trial de nova, the arbitration award was final and binding for Goldman’s portion of the award. Goldman Band, contending that the opposite conclusion is warranted, advanced the following reasons for its position: First, it maintained that only one demand for a trial de nova is necessary to vacate the entire arbitrator’s award, and since that was done here, albeit by its codefendant, the award was entirely vacated as against all parties. Second, counsel for Goldman Band Concerts alleged that he had inquired of the clerk of the court as to the necessity of filing a demand for a trial de nova and that he was specifically told that he was not required to file a separate demand because Lincoln Center had already done so. Thus, he states that he attempted, in good faith, to comply with the rules of the court, and even if he were found to be in technical default, this should be overlooked by the court. Third, the defendant contends that if plaintiff’s version were accepted, this would increase the chance for inconsistent verdicts and further, that it would impede the defendants’ abilities in this case to assert their cross claims against one another.
In an analogous case, Bridges v City of Troy (112 Misc 2d 384 [Sup Ct, Rensselaer County 1982]), the defendant argued that *44 his demand for a trial de nova had the effect of vacating only those portions of the arbitrator’s award which were adverse to him; he argued that those portions which were adverse to the plaintiff were not vacated because plaintiff did not file a demand for a trial de nova with respect thereto.
The court rejected the defendant’s contention that “all of the claims before the arbitrators were separate and severable and the defendant had a right to accept part of the award of the arbitrators and limit its demand for a trial de nova only to those claims upon which the defendant disagreed with the arbitrator’s decision.” (Supra, at p 385.) Instead, the court held that its reading of 22 NYCRR 28.12 mandated the result that “a demand for a trial de nova has the effect of vacating an entire arbitrator’s award and returning all of the causes of action pleaded to the court for trial”. (Supra, at p 387.)
Thus, Bridges v City of Troy (supra) established the rule that only one demand for a trial de nova is necessary to wipe the entire slate clean as to all causes of action and counterclaims in an action. The plaintiff, while recognizing this rule, nevertheless, contends that where there are multiple defendants in a case, the filing of a demand for a trial de nova by one defendant only vacates the arbitrator’s award with respect to that defendant. As to the other defendants, the plaintiff contends that the arbitrator’s award stands. I find no merit to this argument and accordingly reject it.
The rule in Bridges v City of Troy (supra) is broader than the plaintiff here would suppose. There, the court in reaching the “one demand rule” took into consideration the statutory language of 22 NYCRR 28.12, the additional expenses that would necessarily be incurred if multiple demands were required and further, the desire to avoid the creation of technical subrules and procedures into the arbitration process which is contrary to its purpose of reducing the delay and expense of litigation.
Considering the arguments of the parties together with the mandate of 22 NYCRR 28.12, and the Bridges v City of Troy (supra) case, I conclude that the rule is that the filing by any one party to an action of a proper demand for a trial de nova has the effect of vacating all causes of action and counterclaims as between all parties (not in default) to an action.
Accordingly, I hold that the demand for a trial de nova served and filed here vacated the arbitrator’s award as against Lincoln Center as well as Goldman Band Concerts. Accordingly, all parties shall proceed to trial on May 16, 1985 in Part 33 of this court.