(September 1, 1988)

■ LAURENCE W. LEVINE, Respondent, v MURRAY HILL MANOR COMPANY, Formerly Known as 333 ASSOCIATES, et al., Appellants.—Order of the Supreme Court, New York County (Santaella, J.), entered on January 27, 1988, which denied the motion of defendants-appellants Murray Hill Manor Co. and Donald Zucker to dismiss the complaint as to them pursuant to CPLR 3211 (a) (1) on the ground of documentary evidence, and denied the motion of defendants-appellants J. Corp., Dreyer & Traub, Gerald Schrager, and 72nd Partnership Co., pursuant to CPLR 3212 for summary judgment dismissing the first, second and fourth causes of action in the complaint, unanimously reversed, on the law, the motions granted, and the complaint dismissed, with costs.

In June of 1972, plaintiff-respondent Laurence Levine purchased from Barry Traub for $50,000 an assignment of the right to receive 28% of Traub's distributions and to bear 28%

of Traub's losses as a participant in a limited partnership now called Murray Hill Manor Co., which is a defendant-appellant. Barry Traub is not a party to this action. The limited partnership was formed in April of 1972 for the purpose of purchasing a ground lease and constructing and operating a 20-story apartment building on Third Avenue in Manhattan. Appellants maintain that the assignment of a portion of Barry Traub's participation interest was marketed as a tax shelter and that Levine and other participants or assignees of participants realized substantial tax benefits resulting from losses generated during the initial phase of the partnership. The crux of the dispute is respondent's claim that appellants are obligated to refinance the mortgage in order to generate further distributions in accordance with the agreements. Plaintiff contends that substantial distributions would result because of the appreciation in value of the property. Tax benefits are no longer provided, and plaintiff is dissatisfied with the 6½% return provided for in the agreements, especially in light of the substantial profits allegedly accruing to the general partners.

Pursuant to the limited partnership agreement dated April 12, 1972, there were two general partners of what is now Murray Hill Manor, defendants-appellants Donald Zucker and J. Corp. (also known as 333 Investors Corp.), and three limited partners, Abraham Traub, predecessor in interest to defendant-appellant Gerald N. Schrager, and defendants-appellants 72nd Partnership Co. and the law firm of Dreyer & Traub. The limited partnership agreement contains detailed provisions for distribution of revenues according to fixed percentages among the general and limited partners.

Pursuant to a participation agreement dated April 12, 1972, Abraham Traub conveyed to his son, Barry Traub, for $175,000, payable in installments, the right to receive specified percentages of profits and losses, cash flow, and capital receipts, as those terms are used in the limited partnership agreement. The participation agreement provided that the participant would neither be a limited partner nor have any of the rights of a limited partner, and that the limited partner would enforce his rights in the partnership at his sole discretion. The liability of the limited partner to the participant was expressly limited in the participation agreement to gross negligence or willful misconduct.

The complaint is asserted as a class action on behalf of all participants and assignees of participants, suing both directly and derivatively on behalf of the partnership pursuant to

Partnership Law § 115-a. In addition to the allegations of conflict of interest and breach of a claimed fiduciary duty, the complaint alleges that plaintiff and members of the asserted class relied on a memorandum dated March 14, 1972, circulated to prospective investors by a Dreyer & Traub partner, that allegedly promised successive refinancings of the mortgage which would result in substantial distributions. There is no allegation of fraud with respect to this memorandum which preceded the formal limited partnership agreement, which contains a merger clause. The limited partnership agreement contains detailed provisions governing when and how the mortgage will be refinanced that do not implement the suggestion in the promotion memorandum that there would necessarily be successive refinancings resulting in distributions. Nonetheless, a fair reading of the agreements and the promotion memorandum does not support the allegation that appellants have undertaken an enforceable obligation to refinance the mortgage within any specified time frame. Rather the agreements merely specify the allocation of distributions of revenues generated by refinancing. The decision to refinance is one of business judgment to be exercised within the procedures set in the limited partnership agreement.

Defendants-appellants Murray Hill and Zucker moved pursuant to CPLR 3211 (a) (1) to dismiss the complaint as to them on the ground that the causes of action are barred by documentary evidence. The remaining defendants, after serving an answer containing numerous affirmative defenses, including that plaintiff lacks standing, moved for summary judgment pursuant to CPLR 3212 dismissing the complaint.

The IAS court denied both motions and held that it "will not exalt form over substance, and will treat a participating investor, such as plaintiff, as if he were, in fact, a named limited partner". The stated reasoning of the court was that since the general and limited partners invested little of their own money, and that "owing to the cleverness with which D & T drew up the partnership and limited partnership agreements in order to insulate the general partners from a potential lawsuit such as this", that as a matter of equity plaintiff should be accorded the rights of a limited partner. We find no authority to support the IAS court's extraordinary construction of plaintiff's rights under the agreements. The IAS court's reliance on *Ackerman v Vertical Club Corp.* (94 AD2d 665, *appeal dismissed* 60 NY2d 644) is misplaced. That case involved a statutory cause of action as well as allegations of common-law fraud against a health club promoter. The princi-

pal holding of that case was only that fraud was pleaded with sufficient particularity to withstand a motion to dismiss pursuant to CPLR 3211 (a) (7). Neither fraud nor a statutory cause of action is pleaded here. *Ackerman* provides no authority for the IAS court's disregard of the precise terms of the agreements in issue.

Appellants' respective motions for summary judgment and dismissal on the basis of documentary evidence should have been granted. With respect to the derivative causes of action, plaintiff lacks standing to sue on behalf of the partnership because he is not a limited partner or an additional limited partner or a substituted limited partner. *(See,* Partnership Law § 115-a.) With respect to the remaining causes of action, a fair reading of the limited partnership agreement, the participation agreement, and the confirmation of plaintiff's assignment interest from Barry Traub, leads to the conclusion that on this record plaintiff has no action against the general partners or the limited partners of Murray Hill Manor Co. Plaintiff's assignor, Barry Traub, cannot convey greater rights than he possessed under the participation agreement, which provides that the participant can only sue the assignor limited partner for gross negligence or willful misconduct. The agreements specifically disclaimed the extension of fiduciary obligations beyond the named partners and limited partners or parties substituted pursuant to the procedure set in the limited partnership agreement. The IAS court was without power to create fiduciary obligations where none were assumed. Concur—Murphy, P. J., Ross, Carro, Asch and Ellerin, JJ.