OPINION OF THE COURT
Peter Tom, J.
In this motion defendants seek an order (1) vacating the default judgment entered against them, (2) dismissing the complaint as against defendant Cushman & Wakefield Co., Inc., and (3) for summary judgment in favor of defendant State Painting & Decorating Co., Inc.
This is an action for services rendered and goods sold and delivered to defendants. Since the amount demanded by the plaintiff is less than $6,000 this case was tried before an arbitrator pursuant to 22 NYCRR 28.2 (b). The arbitrator *798 dismissed plaintiffs causes of action as against defendant Cushman & Wakefield and held in favor of plaintiff against defendant State Painting & Decorating.
Defendant State Painting & Decorating filed a notice for a trial de novo purportedly on its own behalf. On the return date of the trial de novo, the defendants defaulted, and after an inquest, the court granted judgment in favor of plaintiff against both defendants in the sum of $1,375.80.
Defendants, in the instant motion, seek an order vacating the default judgment entered against them and for other relief.
That portion of defendant’s motion seeking to dismiss the complaint as against defendant Cushman & Wakefield raises an interesting issue as to whether a party can demand a trial de novo, as to only that portion of the arbitrator’s award which found against it and permit the other portion of the award to stand.
Defendants argue that since only defendant State Painting & Decorating filed a notice for a trial de novo, the portion of the arbitrator’s award which found in favor of defendant Cushman & Wakefield remains in full force and effect and, therefore, plaintiffs action as against it should be dismissed.
22 NYCRR 28.12 provides that a party may demand a trial de novo, with or without a jury, within 30 days after service upon such party of the notice of the filing of the award with the appropriate court clerks, or if service is by mail within 35 days from such service.
The courts have held that the notice for a trial de novo is the equivalent of a note of issue and once filed, it places upon the Trial Calendar all claims interposed in the lawsuit including any third-party actions, cross claims and counterclaims for trial. (Statom v Lumbermens Mut. Cas. Co., 106 Misc 2d 442; Bridges v City of Troy, 112 Misc 2d 384.) The application for a trial de novo is a means by which all parties are assured the constitutional right to a trial by jury, if so desired, under compulsory arbitration pursuant to 22 NYCRR part 28. (Statom v Lumbermens Mut. Cas. Co., supra.)
A trial de novo means exactly what the words denote which is a new trial of all the causes of action which were tried before the arbitrator. Once a party has timely filed a notice for a trial de novo the entire award of the arbitrator is vacated and all causes of action between the parties are *799 restored to the court calendar for trial. (Bridges v City of Troy, supra; Flum v Goldman Band Concerts, 128 Misc 2d 42.)
The rule clearly does not permit the splitting of the arbitrator’s award in the demand for a trial de novo. To permit such splitting could result in conflicting decisions between the court and the arbitrator.
Based on the foregoing, that portion of defendant’s motion for an order dismissing plaintiffs complaint as against defendant Cushman & Wakefield is denied.
That portion of defendants’ motion seeking to vacate the default judgment entered against them is granted on condition that defendants’ attorney pay to plaintiff the sum of $150 forthwith for the time, trouble, inconvenience and expenses occasioned by defendants’ default. It appears that defendants’ default was caused by the law office failure of their attorney.
Defendants, after payment of the $150, shall restore the action forthwith to the appropriate calendar upon condition only that defendants shall serve and file a new notice of trial and obtain a new calendar number upon the payment of the fee therefor. Let defendants serve a copy of this order, with the old calendar number of the case noted thereon, by personal delivery forthwith upon the calendar clerk. Upon such service the calendar clerk will advise the date and part assigned for trial, and promptly upon receipt of such advice counsel will notify opposing counsel thereof in writing.
That portion of defendants’ motion for summary judgment is denied. Factual issues are raised by the papers submitted including whether the additional work performed by plaintiff on behalf of defendants was completed before or after plaintiff cashed the checks dated December 19, 1986, and whether said check represented payment for all outstanding bills. Further, the check dated December 19, 1986, annexed with the motion papers, is illegible as to the notation on the back which defendants claimed is marked in "final settlement” and, therefore, the court cannot make a determination as to the issue of accord and satisfaction.