■ JULIEN J. STUDLEY, Appellant, v EMPIRE STATE BUILDING ASSOCIATES et al., Respondents. [670 NYS2d 839] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered July 29, 1997, to the extent that it granted defendants' cross motion for summary judgment dismissing the complaint for lack of standing, unanimously affirmed, with costs. Appeal from so much of said order as denied plaintiff's ex parte application to disqualify defendant partnership's attorneys, unanimously dismissed, without costs.

The portion of the order that denied plaintiff's application is not appealable (*Parkchester S. Condominium v Pickett*, 209 AD2d 291). Were we to address the matter, we would nonetheless deny the application based upon the motion court's correct determination that plaintiff lacks standing to maintain this derivative action, and hence to challenge defendant partnership's business decision to retain and compensate defendant law firm, because he was never either a general or a limited partner

(Partnership Law §§ 115, 115-a; *see, Levine v Murray Hill Manor Co.,* 143 AD2d 298, *lv dismissed* 73 NY2d 995).

Plaintiff seeks to avoid the statutory restrictions upon derivative actions contained in the Partnership Law by characterizing himself as the beneficiary of a trust relationship in which defendants have breached their fiduciary obligations to him, citing *Riviera Congress Assocs. v Yassky* (18 NY2d 540) and its progeny. Plaintiff's reliance upon *Riviera* is misplaced. True, that decision found a fiduciary duty to the plaintiff limited partners a year and a half before the legislative enactment of Partnership Law § 115-a, which expressly authorized derivative actions by limited partners. But here, plaintiff is bound by the terms of his written "participation agreement", which strictly limits his rights to a fixed share of the net income generated by the partnership arrangement (an ordinary contractual obligation) and limits the target of his legal remedies to the named agent of the partnership who transferred the interest to him, and even then only for acts based upon gross negligence, willful misconduct, or specific violation of Federal securities laws. Plaintiff's prior commencement and voluntary withdrawal of precisely such an action does nothing to enhance his present derivative claims.

Furthermore, there is no merit to plaintiff's contention that the instant challenge to his standing is barred by the doctrine of law of the case. That earlier ruling by another Judge was based on a different complaint, since amended, and on an entirely different record.

We have considered plaintiff's other contentions and find them to be without merit. Concur—Ellerin, J. P., Nardelli, Wallach and Rubin, JJ.