■ TIMOTHY D. HASKIN, Appellant, v JEAN DENOYER et al., Respondents. [673 NYS2d 404] —Order, Supreme Court, New York County (Charles Ramos, J.), entered February 7, 1997, which granted moving defendants' motion for summary judgment dismissing the complaint as against them, and order, same court and Justice, entered May 5, 1997, which implicitly denied plaintiff's motion to add certain parties, and granted remaining defendant's cross motion to remove the action to Civil Court, unanimously affirmed, with costs.

The IAS Court correctly held that plaintiff's contract with the remaining defendant to develop a restaurant in Los Angeles does not give him any rights under the remaining defendant's earlier contract with the other defendants to develop

such a restaurant, or otherwise put plaintiff in a relationship with the other defendants that would entitle him to damages as against them. Nothing in the agreement between defendants expressly or implicitly conferred rights on nonparties thereto or conferred authority on the remaining defendant to bind the other defendants to other agreements. Nor is there merit to plaintiff's claim that the interests of the Los Angeles restaurant's other principals would be inequitably affected by a judgment in his favor against the remaining defendant, and that they should therefore be joined as parties.

The contract between plaintiff and the remaining defendant contains a limitation-of-remedy clause that must be read in the context of the entire fourth paragraph of the agreement (*see, Studley v Empire State Bldg. Assocs.*, 249 AD2d 7). In other words, this remedy would be triggered not simply by the restaurant's failure to open, but rather by the failure of the remaining defendant to approve of plaintiff's delivery of a site, an investor, or terms of the investment or lease, thus arbitrarily blocking the opening of the restaurant in accordance with the work done by plaintiff. In this respect, the agreement spells out an adequate remedy at law (obviating the consideration of plaintiff's equitable claims), which is within the jurisdictional cognizance of the Civil Court. The action was thus properly removed to Civil Court (CPLR 325 [d]; 22 NYCRR 202.13).

Motion denied insofar as it seeks leave to appeal to the Court of Appeals; insofar as the motion seeks reargument, the motion is granted and thereupon this Court's unpublished decision and order entered on February 24, 1998 (Appeal No. 301-301A) is recalled and vacated and a new decision and order is substituted therefor, decided simultaneously herewith. Concur—Rosenberger, J. P., Wallach, Williams and Tom, JJ.