■ JULIEN J. STUDLEY, Appellant, v PETER MALKIN et al., Respondents. [719 NYS2d 218] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered May 4, 1999, dismissing the complaint, and bringing up for review an order, same court and Justice, entered April 2, 1999, which granted defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs. Appeal from the order unanimously dismissed, without costs, as superseded by the appeal from the judgment.

The third through sixth causes of action, which assert claims against persons other than the named agent of the venture in which plaintiff participated, were rejected for lack of merit in a prior action (*Studley v Empire State Bldg. Assocs.*, 249 AD2d 7, *lv denied* 92 NY2d 809), and are therefore barred by res judicata. The first and second causes of action, which claim fraud and breach of fiduciary duty by such named agent by reason of his use of an accounting method that purportedly deprived plaintiff of the rightful return on his investment, fail to state a cause of action because, by plaintiff's own admission, the challenged accounting method was publicly disclosed, before plaintiff purchased his interest in the venture, in the venture's prospectus and supplements thereto, annual reports filed with the Securities and Exchange Commission, and financial disclosure statements annually provided to the venture's participants (*see, Vermeer Owners v Guterman*, 169 AD2d 442, 445, *affd* 78 NY2d 1114). The agent cannot be guilty of willful misconduct or gross negligence, necessary elements to his liability to investors under the participation agreement, by reason of his continued use of a long established, publicly disclosed method of determining investors' profits. Concur—Nardelli, J. P., Ellerin, Wallach, Andrias and Saxe, JJ.