*568 OPINION OF THE COURT
Robert A. Onofry, J.
Defendant’s motion for summary judgment, pursuant to CPLR 3212, is denied and plaintiffs cross motion for summary judgment is granted only insofar as it seeks vacatur of the underlying arbitration award rendered pursuant to part 137 of the Rules of the Chief Administrator of the Courts (22 NYCRR).
Background — Procedural History
This action was commenced by plaintiff Michael S. Sachs, Esq. by the filing of a summons with notice and verified complaint on December 12, 2007, a complaint thereafter amended in February of 2008. Issue was thereafter joined by defendant Patricia Zito’s service of her verified answer with counterclaims on February 18, 2008. Plaintiff seeks, inter alia, a declaratory judgment relative to his entitlement to the retention of legal fees previously billed to and thereafter paid by defendant together with the vacatur of the arbitration award, secured by defendant through the part 137 fee dispute resolution procedure, directing a partial refund of those fees in the amount of $6,689.
The facts, insofar as they are relevant to the pending motion, reveal that on or about February 19, 2002, Zito engaged the services of Sachs to defend and protect her interests in regard to a civil lawsuit commenced against her in Orange County Supreme Court (Supreme Court index No. 1485-2002) relating to a claim for certain work, labor and services and for which the underlying plaintiff sought compensatory damages of approximately $25,000. No formal letter of engagement, outlining the parameters of the representation or the billing rate, was executed by the parties. In fact, Zito’s retention of Sachs preceded the mandatory requirement of such letters as subsequently codified in 22 NYCRR 1215.1. However, plaintiff did provide defendant with regular billing statements as the work progressed, billing statements reflecting an initial billing rate of $200 per hour with an increase, thereafter, to $225 per hour. Each of the bills was paid by defendant, presumably without complaint.
The evidence further suggests that plaintiff, his son, David Sachs, Esq., and his paralegal, Anna Engenito, each performed work on Zito’s file, work reflected in the various billings. There is no evidence that defendant was dissatisfied with the services performed by plaintiff or for that matter anyone affiliated with plaintiffs firm.
*569 Unable to settle the pending litigation, a protracted nonjury trial ensued, a trial conducted over several nonconsecutive days beginning on March 7, 2003 and culminating on August 20, 2003. Ultimately, on January 16, 2006, a decision/verdict was received awarding plaintiff $16,000 in compensatory damages, which, although significantly lower than the amount originally sued for, nevertheless escalated, due to the accrual of interest, to an amount approximating the original claim. It further appears, based upon plaintiff’s submissions, that without prior consultation with Sachs, Zito paid the judgment with interest, in full.
At the conclusion of the litigation, Sachs submitted his final bill which was paid by Zito. Sachs’ aggregate billing totaled $24,589.23, consisting of $22,081.73 for legal services and $2,508.50 in disbursements.
Thereafter, and on September 13, 2006, Sachs received notification from the Ninth Judicial District Administrative Office of Zito’s request for fee arbitration arising out of Sachs’ representation. An arbitration hearing was thereafter held on September 20, 2007 resulting in the issuance of a written arbitration award on November 16, 2007, which award directed the refund and return of $6,689 in previously paid fees by Zito.
Defendant Zito essentially seeks, in her moving papers, to “confirm” the arbitration award, asserting that Sachs’ attempt to void the consequence of the arbitration award is untimely pursuant to CPLR 7507 and that he has failed to offer any evidence that warrants a vacatur of the award as required by CPLR 7511.
Plaintiff, in response, asserts that the award is defective on its face since its issuance was untimely, and thus in contravention of its own guidelines, and that the arbitrators failed to articulate a basis for their decision. Plaintiff further asserts that the arbitration award arising out of the fee dispute resolution, and its review, is not even governed by article 75 of the CPLR, that the services were rendered in a competent manner and that defendant’s counterclaims should be dismissed in their entirety and plaintiff awarded judgment.
Question Presented
The threshold question presented to the court is the extent to which, if at all, the provisions of article 75 of the CPLR are applicable to the fee dispute resolution procedure, and the arbitration awards derived therefrom, as governed by part 137 of the *570 Rules of the Chief Administrator of the Courts. For the reasons hereinafter set forth, the court concludes, and so holds, that article 75 is inapplicable to such disputes, absent agreement of the parties.
Discussion/Legal Analysis
Part 137 of the Rules of the Chief Administrator of the Courts established the New York State Fee Dispute Resolution Program which provided a means for the resolution of fee disputes between attorneys and their clients. The part 137 rules, in relevant part, provide for the following:
Section 137.4 vests each arbitral body with the authority to “establish written instructions and procedures for administering the program, subject to the approval of the board of governors and consistent with [part 137]” (22 NYCRR 137.4 [b] [1]).
Section 137.2 (c) and (d) allow for the parties to not only “consent in advance” to the binding nature of the arbitration award and to forego and waive de novo review but also to “consent in advance to submit fee disputes for final and binding arbitration to an arbitral forum other than the arbitral body created by this Part” in which event such “ [arbitration in that arbitral forum shall be governed by the rules and procedures of that forum and shall not be subject to this Part” (emphasis added).
Section 137.7 (f) provides that “[t]he arbitration award shall be issued no later than 30 days after the date of the hearing. Arbitration awards shall be in writing and shall specify the bases for the determination.”
Section 137.8 allows a party “aggrieved by the arbitration award” to “commence an action on the merits of the fee dispute in a court of competent jurisdiction within 30 days after the arbitration award has been mailed” (22 NYCRR 137.8 [a]).
The Ninth Judicial District (which includes Orange County) has established local program rules and procedures which mirror, in relevant part, those established by the Chief Judge. Of significance is the right afforded to either party (absent agreement in writing to the contrary) to seek a de novo review of the dispute on the underlying merits, a standard that stands in stark contrast to the limitations on review afforded by CPLR 7511 to vacate or otherwise modify an arbitrator’s award. (See Tray v Thaler & Gertler, LLP, 17 Misc 3d 617 [2007].) Moreover, section 137.8 (c), in prohibiting evidence of the dispute *571 resolution proceeding, specifically provides that the “ [arbitrators shall not be called as witnesses nor shall the arbitration award be admitted in evidence at the trial de novo.” The inapplicability of article 75 review to the current fee dispute resolution procedure is further buttressed by the 2001 amendments to part 137 (eff Jan. 1, 2002) which specifically enacted the de novo review provisions and the corresponding repeal of section 136.9 which specifically allowed a party to seek article 75 review. (See DeFilippo v Gerbino, 12 Misc 3d 1153[A], 2005 NY Slip Op 52297[U] [2005].) A de novo review, by its very nature, is not a review of the arbitration proceeding itself or the arbitration award but a review of the underlying dispute, as if an arbitration proceeding never occurred, thus contemplating a full adjudication, on the merits, of the parties’ claims. (Allison v State Painting & Decorating Co., 141 Misc 2d 797 [1988].)
As a matter of law, the interpretation of statutory language requires the ascertainment of legislative intent, and in so ascertaining that intent, the statutory language utilized is to be construed according to its ordinary and natural meaning. (See McKinney’s Cons Laws of NY, Book 1, Statutes §§ 76, 94; Shoreham-Wading Riv. Cent. School Dist. v Town of Brookhaven, 107 AD2d 219 [2d Dept 1985].) Moreover, the omission of statutory language (here the removal of article 75 review coupled with the provision for de novo review) may not be viewed as legislative oversight but rather an indication that the exclusion of such provision was in fact intended. (See McKinney’s Cons Laws of NY, Book 1, Statutes § 74; Pajak v Pajak, 56 NY2d 394 [1982]; Bay Shore Family Partners v Foundation of Jewish Philanthropies of Jewish Fedn. of Greater Fort Lauder-dale, 239 AD2d 373 [2d Dept 1997].) Similarly, language cannot be imported into a statute or rule in order to give it a meaning not otherwise found in its explicit terms. (See Matter of Daniel C., 99 AD2d 35 [2d Dept 1984]; Riegert Apts. Corp. v Planning Bd. of Town of Clarkstown, 57 NY2d 206 [1982].)
Thus, for the reasons hereinbefore enumerated, the court concludes, and so holds, that article 75 is inapplicable to the part 137 fee dispute resolution procedure and the arbitration awards derived therefrom. As such, defendant’s motion for summary judgment seeking to confirm the award is denied.
Consistent with that determination, and for the reasons hereinafter enumerated, the court is likewise compelled to deny plaintiffs cross motion for summary judgment, except insofar as he seeks vacatur of the part 137 arbitration award which vacatur is hereby granted.
*572 It is well established that a grant of summary judgment is appropriate only where the court determines, after a search of the record, that there are no material triable issues of fact. Issue identification and not issue determination is controlling. Therefore, the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment, as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case, and this is so regardless of the sufficiency of the opposing papers. (See Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Zuckerman v City of New York, 49 NY2d 557 [1980]; Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395 [1957]; Gervasio v Di Napoli, 134 AD2d 235 [2d Dept 1987]; Assing v United Rubber Supply Co., 126 AD2d 590 [2d Dept 1987].)
Here, plaintiff seeks a determination that no genuine issue of fact exists and that, as a matter of law, plaintiff is not required to refund any portion of the attorney fees previously paid by defendant. In essence, plaintiff seeks a de novo review of the underlying dispute based solely upon the submissions before this court, without the necessity of conducting a trial on the merits.
Since plaintiff has satisfied all procedural prerequisites to establish his entitlement to a trial de novo on the merits of the underlying fee dispute, pursuant to the part 137 rules, his cross motion must be granted only insofar as he seeks vacatur of the underlying arbitration award and his corresponding entitlement to a trial de novo. In so vacating the prior award, the court notes that its jurisdiction (and its corresponding scope of review) is not limited to a determination as to whether the arbitration decision was proper, but allows for broad review and a determination on the merits of the entire underlying fee dispute.
“A trial de novo means exactly what the words denote which is a new trial on all the causes of action which were tried before the arbitrator. Once a party has timely filed a notice for trial de novo the entire award of the arbitrator is vacated and all causes of action between the parties are restored to the court calendar for trial.” (See Allison v State Painting & Decorating Co. at 799, citing Bridges v City of Troy, 112 Misc 2d 384 [1982] and Flum v Goldman Band Concerts, 128 Misc 2d 42 [1985].)
It is at this point that the merits of the respective claims must be adjudicated and from which plaintiffs entitlement to *573 judgment as a matter of law must be viewed. Since the underlying merits of plaintiffs entitlement to his full fee, and defendant’s corresponding entitlement to a refund, have yet to be determined and neither the prior award nor the testimony of the arbitrators is before the court, the court must, by necessity, determine whether any material issues of fact exist and it is here that plaintiffs cross motion for summary judgment must fail.
It is clear that the central issues presented to the court in the context of the pending litigation are contractual in nature and must be reviewed as such. Thus, to determine the existence of any material issues of fact, the court must review the submissions to determine the nature and scope of the purported contract, the extent to which the contract was performed, and the extent to which either party was damaged, if at all, by any such nonperformance.
“A fundamental tenet of contract law is that agreements are construed in accordance with the intent of the parties and the best evidence of the parties’ intent is what they express in their written contract.” (Goldman v White Plains Ctr. for Nursing Care, LLC, 11 NY3d 173, 176 [2008]; Innophos, Inc. v Rhodia, S.A., 10 NY3d 25, 29 [2008].) Since the parties failed to enter into a written retainer agreement or letter of engagement, specifically defining the parameters of the representation, both as to its scope and compensation, the court must resort to an examination of the conduct of the parties and ascertain the extent to which there was a “meeting of the minds” on all essential terms of their contractual relationship. (See Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d 584 [1999]; May v Wilcox, 182 AD2d 939 [3d Dept 1992].) In ascertaining that intent, the conduct of the parties (what was said and done over the course of the prior litigation) is paramount. Specifically, their course of performance as well as their course of dealing and the extent to which it was accepted or acquiesced to is extremely relevant in determining the original intent of the parties in formulating their agreement.
It is also incumbent upon the court to determine whether the contract entered into between the parties was in fact breached by either or both of the parties. As a matter of law, in order to sustain a cause of action for breach of contract it is incumbent upon such party to establish the following: (1) the formation of a contract as to its scope and terms; (2) performance by plaintiff; (3) defendant’s failure to perform; and (4) resulting damage. *574 (See Furia v Furia, 116 AD2d 694 [2d Dept 1986]; Ascoli v Lynch, 2 AD3d 553 [2d Dept 2003].)
On the record presented, the court is unable to decide these issues as a matter of law nor is it able to determine the reasonable value of the services rendered by plaintiff, the determination of which is arrived at by taking into consideration the following elements: the character of the services rendered; the nature and importance of the litigation; the degree of responsibility assumed by the attorney; the amount or value involved; the length of time expended; the ability, the skill and experience required and exercised; the character, qualifications and standing of the attorney; as well as the results achieved.
A review of the evidence before the court reveals the existence of multiple issues of fact which include, at a minimum: the terms of the original agreement between the parties; the scope of the services to be rendered and actually provided by plaintiff to defendant; the course of dealing established by the parties during the course of the litigation; the reasonable value of such services; whether defendant breached the terms of her engagement with plaintiff by unilaterally settling the prospective judgment, on her own, without prior consultation with plaintiff; and defendant’s complaints or lack thereof regarding the quality of the legal services rendered, issues that can only be resolved at trial.
Since pivotal factual issues exist and are clearly in dispute, summary judgment in favor of plaintiff is inappropriate at this time, thereby mandating a denial of that portion of plaintiffs motion. Accordingly, and for the reasons cited herein, it is hereby ordered that defendant’s motion for summary judgment is denied, in its entirety; and it is further ordered that plaintiffs cross motion is granted only to the extent that he is granted a trial de novo, pursuant to section 137.8 of the Rules of the Chief Administrator of the Courts, together with the vacatur of the November 16, 2007 arbitration award rendered pursuant to the part 137 fee dispute resolution procedure; and it is further ordered that the remaining relief sought in plaintiffs cross motion is denied.