American Tr. Ins. Co. v Dr. JM Da Silva Psychologist, PC (2024 NY Slip Op 51775(U))

[*1]

American Tr. Ins. Co. v Dr. JM Da Silva Psychologist, PC

2024 NY Slip Op 51775(U)

Decided on December 20, 2024

Supreme Court, Kings County

Montelione, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 20, 2024
Supreme Court, Kings County

American Transit Insurance Company, Plaintiff,

against
Dr. JM Da Silva Psychologist, PC, A/A/O DESIREE BAENA, Defendants.

Index No. 507626/2022

Larkin Farrell, LLC, for Plaintiff, by William Larkin, Esq., 101 Avenue of the Americas, 9th Floor, New York, New York, 10013, 212-888-5807, wlarkin@larkinfarrell.com
Roman Kravchenko, Esq., for Defendant, 35 Pinelawn Road, Suite 105e, Melville, New York, 11747, 516-750-0595, roman@rknylaw.com

Richard J. Montelione, J.

The following papers were read on this motion pursuant to CPLR 2219(a):
Papers Numbered
Motion Sequence 14: Defendant's Notice of Motion filed 3/1/2024, Roman Kravchenko, Esq.'s Affirmation in Support 
affirmed on 2/29/2024, Exhibits A-G, and Statement of Facts dated 2/29/2024 206-215
Motion Sequence 17: Plaintiff's Notice of Cross Motion filed 9/11/2024, William Larkin, Esq. Affirmation in Support of Cross-Motion affirmed on 9/11/2024, Affidavit of Christopher Billups sworn ton on February 21, 2020, Affidavit of Donovan McPherson sworn to on 8/20/2024, Exhibits A & B, and Statement of facts dated 9/11/ 2024 265-271
Defendant's Memorandum of Law dated 9/11/24 in Opposition to Cross-Motion and In Further Support of Motion; Defendant's Response to Statement of Material Facts dated 9/13/2024, Defendant's amended Response to Statement of Material Facts dated 9/13/2024 272-274
William Larkin, Esq.'s Affirmation in Reply affirmed on 9/17/24, William Larkin, Esq's second Affirmation in Reply affirmed on 9/17/2024 275 & 276
Defendant's Memorandum of Law re. 325(d) 287 & 288
Plaintiff commenced this action for, inter alia, de novo review of claims previously decided in arbitration under AAA number 99-21-1197-0744, award dated January 24, 2022, pursuant to CPLR 7511, Insurance Law 5016(c) and 11 NYCRR 65-4.10(h)(1)(ii). Plaintiff also sought, " . . . a declaration that the arbitration decision of Regina Anzalone Kurz, Esq., awarding Defendant $5,005.35, and decision of the Master Arbitrator Richard Ancowitz, Esq., upholding that award, have no force or effect as a consequence of this Court's de novo review . . . " (NYSCEF #1, Complaint, unnumbered p. 5). Issue was joined by service of an answer on March 22, 2022, and an amended answer on April 15, 2022. 
Defendant moves, inter alia, for summary judgment and to confirm the master arbitration award (MS#14). Plaintiff cross-moves for summary judgment (MS#17). 
The court finds that the equitable and declaratory relief requested by plaintiff, that being the Arbitrator and Master Arbitrator's award has "no force or effect as a consequence of this Court's de novo review," is already established as a matter of law. The statute itself "speaks of de novo judicial adjudication, not arbitral review." See Matter of Greenberg, 70 NY2d 573, 577, 517 NE2d 879, 881, 523 NYS2d 67, 69, 1987 WL 259 [Ct. of App. 1987]; see also Allstate Ins. Co. v Nalbandian, 89 AD3d 648, 649, 931 NYS2d 698, 699, 2011 NY Slip Op 07785, 2011 WL 5223026 [2d Dept 2011], where appellate court found that once insurer invokes right to de novo review, the issue of the master arbitrator's decision is academic; see also Matter of Greenberg [Ryder Truck Rental], 70 NY2d 573, 577, 523 N.Y.S.2d 67, 517 N.E.2d 879 (1987) citing Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207, 210, 445 N.Y.S.2d 77, 429 N.E.2d 755 (1981), where court found that de novo review amounted to a "plenary judicial adjudication;" See Matter of New York City Tr. Auth. v Hgts. Med. Care, P.C., 52 Misc 3d 1214(A), 43 NYS3d 768, 2016 NY Slip Op 51153(U), 2, 2016 WL 4083773 [Sup Ct 2016], " 'A de novo review, by its very nature, is not a review of the arbitration proceeding itself or the arbitration award but a review of the underlying dispute, as if an arbitration proceeding never occurred, thus contemplating a full adjudication, on the merits, of the parties claims' (Sachs v. Zito, 28 Misc 3d 567, 901 N.Y.S.2d 818 [Supreme Court, Orange County 2010]);" see also Haskin v Denoyer, 250 AD2d 458, 673 NYS2d 404 (1st Dep't 1998) where appellate court affirmed supreme court's removal of case to Civil Court because where there is an adequate remedy at law, there is no need to consider equitable claims; see also the plain language of 11 NYCRR 65-4.10, "(ii) if the award of the master arbitrator is $5,000 or greater, exclusive of interest and attorney's fees, either party may, in lieu of an article 75 proceeding, institute a court action to adjudicate the dispute de novo." (Emphasis added). Notwithstanding that plaintiff does not need any declaration of its rights in the context of this de novo proceeding and notwithstanding that it failed to request declaratory relief in its cross-motion for summary judgment, the court will nonetheless declare what is already plaintiff's right: the Arbitrator and Master Arbitrator's decision and/or award has no force or effect as a consequence of this or any Court's de novo review. Defendant's branch of the motion to confirm the Master Arbitrator's award must be denied as academic. 
There are certainly many instances where declaratory relief is necessary, such as whether the language in a policy covers a particular loss, whether there is a staged accident and an obligation to pay under an insurance policy, whether policy limits have been reached (cases [*2]omitted), but where the issue of the right of review de novo is established and the declaration sought is already embedded in the law, this action could have and should have originated in New York City Civil Court, a court of competent jurisdiction, due to the amount in controversy.
Based on the foregoing, it is
ORDERED, ADJUDGED AND DECLARED that the Arbitrator and Master Arbitrator's decision and/or award has no force or effect as a consequence of this or any competent court's de novo review; and it is further
ORDERED that the branch of the defendant's motion (MS#14) seeking confirmation of the Master Arbitrator's award is DENIED as academic; and it is further
ORDERED, that this action shall be removed to the Civil Court of the City of New York, Kings County pursuant to CPLR 325(d) for further proceedings; and it is further
ORDERED, within 30 days from entry of this order, the counsel for the plaintiff shall serve a copy of this order with notice of entry upon the Kings County Clerk, who is hereby directed to transfer the file in this action to the Civil Court of the City of New York, Kings County; and it is further
ORDERED, that such service upon the Kings County Clerk shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address 
https://ww2.nycourts.gov/courts/2jd/kingsclerk/Kings-E-File-Protocol.pdf
); and it is further
ORDERED, that the file in this case shall be delivered to the Civil Court if the case is a hard-copy matter and, if it is an e-filed case, shall be transferred through the New York State Courts Electronic Filing System in accordance with any applicable Administrative Order of the Chief Administrative Judge governing e-filing in the Civil Court.
This constitutes the decision and order of the Court.
Dated: December 20, 2024
Hon. Richard J. Montelione, JSC